91 So.2d 153 (1956)
Louise GREEN and Alees Green, Plaintiffs-Appellants,
v.
STATE of Louisiana, Through the DEPARTMENT OF INSTITUTIONS, Defendant-Appellee.
No. 4308.
Court of Appeal of Louisiana, First Circuit.
November 26, 1956.
Rehearing Denied January 2, 1957.
Writ of Certiorari Denied February 25, 1957.
*154 H. Alva Brumfield, Baton Rouge, for appellants.
Jack P. F. Gremillion, Atty. Gen., Harry Fuller, Asst. Atty. Gen., for appellee.
TATE, Judge.
Pursuant to special legislative consent, plaintiffs filed suit against the State seeking damages for injuries allegedly sustained by them when run into by an automobile negligently operated by one, Edward Renaldson. Plaintiffs contend that the State of Louisiana is responsible for said injuries sustained by them because of the negligence of the employees of the State Industrial Home for Colored Youths in permitting said Renaldson, a 15-year old inmate, to escape therefrom. Following his escape, Renaldson stole and was driving the automobile which injured plaintiffs.
Plaintiffs appeal from judgment sustaining an exception of no cause of action.
Plaintiffs' able counsel first argues in his brief that petitioners "have alleged acts of negligence purporting to be the cause of bodily injury to them. Whether such acts of negligence are in fact the cause of the injury sustained by them is a matter which must be left to the trial on the merits of this case."
In the case of St. Julian v. State, La. App. 1 Cir., 82 So.2d 85, relied upon by plaintiffs, we held that the plaintiff therein had stated a cause of action and was entitled to a trial on the merits, accepting the allegations of the petition as true.
An exception of no cause of action is tried on the face of the papers; its *155 function is not to deny the alleged facts, but to test the legal sufficiency of plaintiff's cause of action, even accepting (for purposes of trial of the exception only) the truth of the facts stated by plaintiff's petition. Roy O. Martin Lumber Co. v. Saint Denis Securities Co., 225 La. 51, 72 So.2d 257; Outdoor Electric Advertising, Inc., v. Saurage, 207 La. 344, 21 So.2d 375; Verret v. Calcasieu Parish School Board, La.App. 1 Cir., 85 So.2d 646.
The District Court held that the alleged negligence of the State employees in permitting Renaldson to escape (upon which negligence plaintiffs solely base their cause of action) was not a proximate cause of the injuries sustained by plaintiffs through Renaldson's negligent operation of an automobile which he had stolen subsequent to his escape. If such determination is correct as a matter of law, then plaintiffs are not entitled to a trial upon the merits to attempt to prove the pleaded facts, which even if fully proven, would not constitute a legal cause of action.
While the custodians of prisoners "may be held liable for injuries done to a third person by a prisoner in the course of an escape," 72 C.J.S., Verbo Prisons § 23, i, p. 896; they "are not liable for injuries inflicted by an escaped prisoner, where the negligent or wrongful acts of such officials are not the proximate cause of the injuries," 72 C.J.S., Verbo Prisons, § 12, p. 865; citing Moss v. Bowers, 216 N.C. 546, 5 S.E.2d 826, 828, which held that the injury to the third person was not within the natural, probable, and foreseeable consequences of the alleged negligent acts which permitted the prisoner to escape, and that "the injury complained of is too remote to be referred to the negligence of the defendant as the proximate cause." See Annotation, 78 A.L.R. 471 at 476.
An institution's duty to restrain a convicted criminal is not based upon the purpose of protecting the general public from all harms that the prisoner might inflict if he were allowed to escape. A convicted person may be as dangerous on the day of his legal release as he was on the first day that he was confined, although the institution may still be under a legal duty to detain or to release him. There is no more reason for the State to be civilly responsible for the convict's general misconduct during the period of his escape than for the same misconduct after a legal release, unless there is some further causal relationship than the release or escape to the injuries received. The breach of the State's duty to continue the prisoner's incarceration thus should not be complained of by those injured through the escapee's negligent operation of a car. For the breach of the duty to be a proximate cause of the injury for which recovery is sought, the injury received should be one for the prevention of which the duty exists.
Accepting the pleaded facts concluding State employees to be negligent in the prisoner's escape, nevertheless in our opinion the District Court correctly held that as a matter of law the negligent acts or omissions permitting such escape were not the direct, efficient, and proximate cause of plaintiffs' injuries through the prisoner's subsequent negligent use of an automobile; that the breach of the duty and the duty breached were not sufficiently related to the injuries received as to import liability for damage resulting from the breach. We do not believe that the negligent operation of a car then unavailable, to have been the natural and probable and reasonably foreseeable consequences of the initially negligent acts or omissions of State employees; the theft and negligent use being so remote and separated in time and by intervening circumstances from the initial negligence, which allegedly permitted the prisoner to escape his confinement. See Mire v. East Louisiana Railroad Co., 42 La.Ann. 385, 7 So. 473; Cappel v. Pierson, 15 La.App. 524, 132 So. 391.
*156 In the excellent and comprehensive law review comment cited to us by both parties, McDonald, "Proximate Cause in Louisiana", 16 La.Law Review 391, is found this observation: "As a matter of policy * *, liability cannot be imposed indiscriminately for all consequences that follow a wrong-doing"i.e., an initial negligence, for this "would result in almost infinite liability for wrongful acts," 16 La.Law Review 394.
Of course, a different question might be posed for our determination if the alleged negligence of the State employees consisted, not only of the bald negligence in permitting to escape a prisoner who while on the loose caused injury, but of acts or omissions more directly related to the injuries received by plaintiffs. See Webb v. State, 91 So.2d 156, rendered this day by this court.
Finally and alternatively, ingenious counsel for plaintiff aruges that the State should be held liable for the tort committed by the 15-year old Renaldson, who had been committed to the State Industrial School for Colored Youth, since LSA-Civil Code, Article 2318 provides:
"The father, or after his decease, the mother, are responsible for the damage occasioned by their minor or unemancipated children, residing with them, or placed by them under the care of other persons, reserving to them recourse against those persons.
"The same responsibility attaches to the tutors of minors."
It is argued that the State, which took custody of the delinquent youth by court order, is responsible for the torts of the minors within its care in the same manner as is a tutor.
The article has been held not to import vicarious liability to a grandmother, Jackson v. Ratliff, La.App., 84 So.2d 103, or to a stepfather, Hay v. American Motorists Insurance Co., La.App., 66 So.2d 371, for the tort of a minor residing with them and in their custody, in the absence of a tutorial relationship, Quintano v. Ibos, 14 La.App. 73, 128 So. 186. Likewise, it does not provide for such liability on the part of the State, nor does any other legal authority called to our attention.
For the above and foregoing reasons, the judgment for the District Court herein is affirmed.
Affirmed.