179 So.2d 482 (1965)
Jules J. DARTEZ, Plaintiff-Appellant,
v.
The CITY OF SULPHUR, Defendant-Appellee.
No. 1542.
Court of Appeal of Louisiana, Third Circuit.
October 27, 1965.
*483 C. A. Miller, Jr., Lake Charles, for plaintiff-appellant.
Charles C. Broussard, Sulphur, for defendant-appellee.
Before TATE, SAVOY, and HOOD, JJ.
TATE, Judge.
This is a suit by a pedestrian against a municipality. He sues to recover for personal injuries sustained when he fell as a result of a defective sidewalk condition. After trial on the merits, the plaintiff's suit was dismissed. He appeals.
Recovery is sought on the basis of a sidewalk defect creating a hazard to the traveling public, namely a bent parkingmeter post. The defendant city is alleged to have breached its duty to maintain its sidewalks in reasonably safe condition for pedestrian use. Lee v. City of Baton Rouge, 243 La. 850, 147 So.2d 868; White v. City of Alexandria, 216 La. 308, 43 So.2d 618.
The trial court dismissed the suit on the ground that, although the city was negligent in failing to remove this hazard to pedestrian traffic, nevertheless the plaintiff's own negligence contributed to his fall. But we need not discuss the respective contentions of the parties as to whether or not the plaintiff was contributorily negligent, for we have concluded that the negligence of the city had no legal causal relationship to the accident which resulted in the plaintiff's injuries.
The facts are as follows:
The plaintiff Dartez was walking on a municipal sidewalk during daylight hours. He tripped upon a piece of baling wire left on the sidewalk by a person unknown. He stumbled and fell across a bent parkingmeter post, sustaining rather serious injuries to his private parts as a result of his fall straddling it.
The parking-meter post was bent at a 45-degree angle towards and over the center of the sidewalk. It thus protruded into the walkway area normally used by pedestrians. (It had been struck by motor vehicles.) The top of the post was from 25-42 inches high as bent angling to the sidewalk's center. The city had actual or constructive notice of the bent condition of this meter post, which had existed for at least a few weeks.
Dartez passed the bent post several times a day to and from his home. Knowing that it was a hazard to passage, he simply went around it every time he passed. The evidence *484 is clear that he would not have fallen onto the post had he not stumbled upon the nearby piece of wire.
We agree with the trial court that the city was negligent in permitting the bent post to protrude at knee or waist level across the pedestrian lane of travel.
Negligence is conduct which creates an undue risk of foreseeable harm to others. Brown v. Liberty Mutual Ins. Co., 234 La. 860, 101 So.2d 696; Fontana v. State Farm Mutual Auto. Ins. Co., La.App. 3 Cir., 173 So.2d 284; Larned v. Wallace, La.App. 3 Cir., 146 So.2d 434. While normally perhaps a pedestrian might be contributorily negligent for failing to observe such a hazard in his path, nevertheless the present obstruction across the sidewalk created a foreseeable hazard to pedestrian traffic. See jurisprudence summarized in Sherrill v. United States F. & G. Co., La. App. 3 Cir., 132 So.2d 72. Because of this foreseeable hazard, the city could be liable for injuries caused by it; for instance, if the pedestrian was unable reasonably to observe or appreciate it because of darkness (Nessen v. City of New Orleans, 134 La. 455, 64 So. 286, 51 L.R.A.,N.S., 324) or blindness (Fletcher v. City of Aberdeen, 54 Wash.2d 174, 338 P.2d 743, 1959) or other exculpatory cause.
Nevertheless, for the negligence of a defendant to be a "legal" or "proximate" cause of injuries sustained by another, (1) the defendant's negligence must be a causein-fact of the injured person's injuries, and (2) the risk and harm encountered by the injured person must fall within the scope of protection afforded by the duty to others breached by the defendant's negligence. Dixie Drive It Yourself New Orleans Co., v. American Beverage Co., 242 La. 471, 137 So.2d 298, Noted 23 La.L.Rev. 142 (1962), discussed by Professor David W. Robertson, 23 La.L.Rev. 286-290 (1963). See also: Theunissen v. Guidry, 244 La. 631, 153 So.2d 869, 875; Lee v. Carwile, La.App. 3 Cir., 168 So.2d 469; Levert v. Travelers Indemnity Co., La.App. 3 Cir., 140 So.2d 811, 814; Green v. State, La.App. 1 Cir., 91 So.2d 153; McDonald, Proximate Cause in Louisiana, 16 La.L.Rev. 391 (1956); Restatement of Torts 2d (1964), Sections 281, 430.
The bent parking-meter post was undoubtedly a cause-in-fact of the plaintiff's injuries, because it was a substantial factor in producing them. Dixie Drive It Yourself, cited above.
However, as will be discussed below, the risk and harm encountered by the plaintiff was not one which the duty breached by the defendant's negligence was intended to prevent: Thus the risk of injury encountered by the plaintiff was not within the scope of protection afforded by the duty so breached, and therefore the defendant's negligence was not a legal cause of the plaintiff's injuries.
In relation to this conclusion, the leading case of Dixie Drive It Yourself quoted at 137 So.2d 305 with approval the following summary of the test of legal causation in this sense: "* * * Since the law never gives absolute protection to any interest, recovery will be allowed only if the rule of law on which plaintiff relies includes within its limits protection against the particular risk that plaintiff's interests encountered. This determination of the particular risks to plaintiff that fall within the ambit of protection of the rule of law on which plaintiff relies is the determination of the issue of proximate cause." See McDonald, cited above at 16 La.L.Rev. 396. (Quoted by Supreme Court as italicized in article.)
To the same effect, Prosser on Torts (3d ed., 1964) suggests, Section 49, pp. 282-283: "It is quite possible, and often helpful, to state every question which arises in connection with `proximate cause' in the form of a single question: was the defendant under a duty to protect the plaintiff against the event which did in fact occur?"
*485 In the present case, the duty breached by the city was to maintain its sidewalks free of hazards to pedestrians in the nature of traps or hazards which they might not reasonably anticipate or observe, having regard to the right of a pedestrian to assume that public ways provided for his passage do not contain unexpected dangers or unforeseeable obstacles. See White v. City of Alexandria and Sherrill v. United States F. & G. Co., cited above. The purpose of the duty thus is to prevent injuries to pedestrians who might fall over this knee-high obstacle in their path if unable reasonably to observe or appreciate the hazard so created.
Here, the plaintiff Dartez's accident did not result from his failure to appreciate the hazard to his passage created by this obstacle. He was perfectly aware of it and intended to skirt it.
Dartez's fall resulted, not from the negligently maintained post, but rather from the negligence of a third person in leaving obscure baling wire in his path, Merchant v. Montgomery Ward & Co., La. App. 1 Cir., 83 So.2d 920. While his injuries did result from falling across the bent post, the duty to remove the bent post from travel lanes existed in order to prevent injury to those who might proceed into it unaware of its existence; not to prevent injury to those who fully aware of it might nevertheless happen to fall upon it.
That is, the plaintiff's injuries resulted because when he fell the bent post happened to be in his way. The duty imposed upon the city not to obstruct the walkway by the bent pole did not include within its scope the protection of those who might need the space occupied by the bent pole in order to fall free of it and thus to hit the sidewalk instead, nor to guard against resulting harms so highly extraordinary as to be unforeseeable within reason. Spiers v. Consolidated Companies, 241 La. 1012, 132 So.2d 879; Green v. State, La.App. 1 Cir., 91 So.2d 153; Restatement of Torts 2d (1965), Section 435; Annotation, Negligence CausationForeseeability, 100 A.L.R.2d 942, esp. 960-965. As stated in the cited Green decision, 91 So.2d 155: "For the breach of the duty to be a proximate cause of the injury for which recovery is sought, the injury received should be one for the prevention of which the duty exists."
The city's failure to remove the bent pole as a sidewalk hazard was thus not a legal (i. e., proximate) cause of the plaintiff's injuries when he fell upon it, any more than it would be of injuries sustained by someone who fell from the second floor of a nearby building and happened to strike the bent meter post in falling.
In so holding, we distinguish the present situation from those where negligence foreseeably creating a risk of accident is held to be the proximate cause of all consequences, however unforeseeable, which a foreseeable accident caused by such negligence is a substantial factor in producing. Bergeron v. Houston-American Insurance Co., La.App. 1 Cir., 98 So.2d 723; Chavers v. A. R. Blossman, Inc., La.App. 1 Cir., 45 So.2d 398; Lynch v. Fisher, La.App. 2 Cir., 34 So.2d 513. Likewise, we distinguish the present from situations where the precise accident may have been so extraordinary as to be unforeseeable, but where nevertheless the general risk of harm encountered by the plaintiff and the injuries received by him are of a nature that the duty exists to prevent so as thus to be within the scope of protection afforded by the duty breached. Lasyone v. Zenoria Lumber Co., 163 La. 185, 111 So. 670.
For the reasons assigned, the judgment dismissing the plaintiff's suit is dismissed at his cost.
Affirmed.