334 So.2d 714 (1976)
Margaret F. WALKER, Plaintiff-Appellant,
v.
INTERSTATE FIRE & CASUALTY INSURANCE COMPANY et al., Defendants-Appellees.
No. 12949.
Court of Appeal of Louisiana, Second Circuit.
July 7, 1976.
Kidd, Katz & Strickler, Monroe, by George M. Strickler, Jr., New Orleans, for plaintiff-appellant.
Cook, Clark, Egan, Yancey & King by Benjamin C. King, Shreveport, for defendants-appellees.
Before HALL, MARVIN and JONES, JJ.
JONES, Judge.
This is an appeal from a judgment sustaining a peremptory exception of no cause *715 of action to plaintiff's petition for damages.
Plaintiff alleges that Ernest Jenkins, Jr. was serving a six month sentence in the Bienville Parish jail under the care, custody and control of Arvis E. Whitman, sheriff of that parish. Plaintiff contends that Jenkins had a history of criminal offenses, including escapes from custody and mental instability, and that the sheriff was aware of those facts, as well as the fact that Jenkins was generally expected to be "potentially dangerous." According to plaintiff's petition, Jenkins was permitted "to come and go from jail almost totally at will with little or no supervision."
Plaintiff further alleges the following:
"On or about July 7, 1973, Ernest Jenkins, Jr. left the Bienville Parish jail, stole a 30-30 rifle, went to the house of petitioner which is also located in Bienville Parish, and without any provocation whatsoever, shot through the window of petitioner's house at petitioner, hitting her, severely injuring her, and almost killing her, as she lay in bed asleep."
Plaintiff contends that the negligence of the sheriff was the legal cause of her injuries.
Defendants Arvis Whitman and Interstate Fire and Casualty Insurance Company, his insurer, filed an exception of no cause of action contending that the injury of which plaintiff complains was too remote to be attributable to the negligence of the defendants.
An exception of no cause of action was filed on behalf of the Bienville Parish Sheriff's Department asserting that there is no such legal entity and praying for dismissal of that named defendant. That exception was sustained as was the exception of the sheriff and his insurer. With respect to the latter, the lower court stated that "even assuming the negligence of the defendants as alleged by the plaintiff, under the jurisprudence of this state,. . . the peremptory exception of no cause of action should be sustained."
We find the court erred and reverse the lower court judgment with respect to the sheriff and his insurer and remand the case for further proceedings.
The lower court cited Green v. State, 91 So.2d 153 (La.App.1st Cir. 1956) involving a suit for damages inflicted by an escapee's negligent operation of an automobile, as authority for its position. That case is distinguishable from the instant situation as alleged by plaintiff in that the risk encountered by that plaintiff, i.e., injury through negligent operation of a vehicle, was not encompassed within the state's duty with respect to incarcerated criminals. The court in Green, supra, stated:
"Accepting the pleaded facts concluding State employees to be negligent in the prisoner's escape, nevertheless in our opinion the District Court correctly held that as a matter of law the negligent acts or omissions permitting such escape were not the direct, efficient, and proximate cause of plaintiffs' injuries through the prisoner's subsequent negligent use of an automobile; that the breach of the duty and the duty breached were not sufficiently related to the injuries received as to import liability for damage resulting from the breach. We do not believe that the negligent operation of a car then unavailable, to have been the natural and probable and reasonably foreseeable consequences of the initially negligent acts or omissions of State employees; the theft and negligent use being so remote and separated in time and by intervening circumstances from the initial negligence, which allegedly permitted the prisoner to escape his confinement. See Mire v. East Louisiana Railroad Co., 42 La.Ann. 385, 7 So. 473; Cappel v. Pierson, 15 La.App. 524, 132 So. 391." Id at p. 155.
The instant case is controlled by Webb v. State, 91 So.2d 156 (La.App.1st Cir. *716 1956), decided on the same day as Green, supra. The court affirmed an award for personal injuries sustained by a woman who was shot by an escapee from Angola. The court distinguished Webb, supra, from Green, supra, in the following manner:
"It should be pointed out, perhaps, that the views herein expressed are not inconsistent with those set forth in Green v. State of Louisiana. See La.App., 91 So.2d 156. In the latter case we stated that we did `not believe that the negligent operation of a car then unavailable, to have been the natural and probable and reasonable foreseeable consequence of the initially negligent acts or omissions of State employees . . .' In the case at bar, on the contrary, we do believe, as did the trial judge, that the inflicting of wounds on others in the course of escape by a convict through the use of a pistol made available by the negligence of State employees to be a most probable and reasonable foreseeable consequence of the original act or acts of negligence." Id. at p. 163.
This distinction was again recognized in Geiger v. State, Department of Institutions, 242 So.2d 606 (La.App., 1st Cir. 1970), where the court reversed a dismissal on an exception of no cause of action, stating:
"* * * It can certainly be argued, and plaintiff may be able to establish at a trial on the merits, that it was a foreseeable consequence of the alleged negligence of defendant and its personnel that the escaping inmates would attempt to perpetrate crimes against adjacent, unguarded residents such as plaintiff. Again, it is significant to note that plaintiff has alleged facts supporting such a contention, including the allegation that both of these inmates were the type from whom such activity could reasonably be anticipated . . .
"The case of Green v. State of Louisiana, Through Department of Institutions, cited supra, is distingishable in view of the alleged intervening, independent negligent operation of a motor vehicle which was stolen by the inmate rather than perpetration of an intentional tort against adjacent residents by an escaping prisoner.
"Whether or not the negligence of the State's prison or institution personnel constitutes a proximate cause of injuries and damages sustained by third persons as a result of actions by the escaping prisoner or inmate depends upon the facts of each particular case. Considering the allegations of plaintiff's petition and recognizing the doubts should be resolved in favor of a trial on the merits, we cannot say that as a matter of law the negligence with which the State and its personnel are charged could not constitute a proximate cause of plaintiff's injuries and alleged damages." Id at 609, 610.
In considering a petition against which an exception of no cause of action has been raised, every reasonable interpretation must be accorded its language in favor of maintaining the sufficiency of the petition and affording the litigant an opportunity to present his evidence. Hero Lands Company v. Texaco, Inc., 310 So.2d 93 (La. 1975); Eschete v. City of New Orleans, 258 La. 134, 245 So.2d 383 (1971). Pleadings must be reasonably construed so as to afford litigants their day in court, to arrive at the truth and to avoid a miscarriage of justice. Budget Plan of Baton Rouge, Inc. v. Talbert, 276 So.2d 297 (La. 1973). The allegations of plaintiff's petition are sufficiently broad to allow proof of facts imposing liability on defendants for the damage caused by the escapee.
In light of the foregoing applicable principles, we conclude the trial court erred in finding that as a matter of law, plaintiff could not recover under the allegations of her petition.
*717 The judgment of the trial court sustaining the peremptory exception of no cause of action is reversed and the case is remanded for further proceedings consistent herewith.
Reversed and remanded.