376 So.2d 977 (1979)
Mrs. Joann Thompson REID, Plaintiff and Appellee,
v.
STATE of Louisiana Through DEPT. OF CORRECTIONS, Defendant and Appellant.
No. 12743.
Court of Appeal of Louisiana, First Circuit.
October 8, 1979.
Rehearing Denied November 29, 1979.
Paul H. Due and John W. deGravelles, Baton Rouge, for plaintiff and appellee.
Thomas S. Halligan, Asst. Atty. Gen., Baton Rouge, for defendant and appellant.
Richard W. Watts, Franklinton, for intervenor Travelers Ins. Co.
Before ELLIS, CHIASSON and PONDER, JJ.
PONDER, Judge.
Defendant appealed from judgment in favor of plaintiff in this suit for injuries and for a wrongful death.
We reverse.
Charles Spears, who had been sentenced to custody of the defendant, escaped from Jackson Barracks in New Orleans. Eleven days later, during the course of a robbery, he shot and killed John Reid. He also shot Roy Walters, who was temporarily blinded but recovered with an overall vision loss of 10%.
*978 John Reid's widow and children sued for his wrongful death. Roy Walters sued for his injuries.
Custodians of prisoners have a duty to manage the affairs of the prison so as not to create an undue risk of harm to the public. To recover, plaintiff must prove that the custodian was negligent in his management of the prison; that this negligent breach of duty facilitated the escape of the prisoner; that the actions of the escapee caused the harm complained of; and that the risk encountered falls within the scope of the duty owed.[1]
While the negligence of the state in failing to recognize dangerous propensities in Spears by psychological tests or otherwise, is doubtful, we accept the trial court's conclusion that defendant was negligent in allowing the escape. However, because we feel that the question of ambit of duty is dispositive, we elect to discuss that issue only.
In Frank v. Pitre, 353 So.2d 1293 (La. 1978), the Supreme Court found a sheriff not liable for injuries sustained by a policeman who was shot by one who, although jailed for burglary and parole violation, was granted a "pass". The reason given was absence of a "closer connection between the act of the defendant and the injury to the plaintiff."
In Graham v. State, Health and Social and Rehabilitation, 354 So.2d 602 (1st Cir. 1978), we found the State not liable for injuries inflicted by a mental patient over 100 miles away from the place of escape.
In Green v. State, 91 So.2d 153 (1st Cir. 1956), the State was found not liable for injuries caused by an escapee's negligent operation of an automobile, the Court saying "the breach of the duty and the duty breached were not sufficiently related to the injuries received as to import liability for damage resulting from the breach."[2]
The injury and death occurred some eleven days[3] after and some sixty miles[4] away from the escape. For these reasons we are unimpressed with plaintiffs' argument that the injury was inflicted during the escape.[5] The inference that the interim was passed in "hiding out" is not supported by evidence in the record.
Plaintiffs argue strenuously that Spear's dangerous tendencies should have been recognized and guarded against. As stated above, we accept the conclusion that the defendant was negligent. Insofar, however, as the same contentions are made to establish the ambit of the duty and the breach thereof by establishing foreseeability, we doubt that the record pointed to vigorously by the plaintiffs supports that conclusion. While there was evidence of threats against persons, these were threats only. The parole officers' hearsay and weakly supported conclusion was that Spears might "commit a serious crime." In Frank v. Pitre, supra, the Supreme Court's decision was made despite a finding by the trial court and the Court of Appeal that the prisoner was "`without question', a man of violent propensities." That seems at least equally grave as the supported charges against Spears. We therefore cannot accept plaintiffs' conclusion that the duty was extended to plaintiffs herein because of the foreseeability that Spears would commit a violent act.
*979 We reject plaintiffs' argument that defendant should be held strictly liable without fault for the injuries sustained. Such a position has been urged upon the Supreme Court and has not yet been accepted. Furthermore, as stated above, we accept the view that the State was negligent.
Whether the problem be stated as one of ambit of duty, of proximate cause, of adequate cause, of legal cause or of other cause, the ultimate question to be decided by the court is whether as a matter of policy, recovery should be allowed when the damage is caused eleven days and sixty miles away. For an example, would recovery be allowed for the acts of an escapee who caused injury a score of years and several thousand miles from the place of escape. Obviously, the line has to be drawn some place. The Supreme Court, we believe, in Frank v. Pitre, supra, has drawn the line closer than in the present case. We follow that jurisprudence.
Our decision on this point obviates the necessity of addressing the other issues raised by the parties and the intervenor.
For these reasons the judgment is reversed and plaintiffs' suit is dismissed at their costs.
REVERSED.
NOTES
[1] See Frank v. Pitre, 353 So.2d 1293 (La., 1978); Graham v. State, Health and Social and Rehabilitation Services Administration, 354 So.2d 602 (La.App. 1st Cir., 1978); Green v. State, 91 So.2d 153 (La.App.1957).
[2] Geiger v. State, Department of Institutions, 242 So.2d 606 (La.App. 1st Cir. 1970) held that an allegation of facts supporting a contention that a crime against unguarded residents was foreseeable and so stated a cause of action. Walker v. Interstate Fire and Casualty Insurance Co., 334 So.2d 714 (La.App. 2d Cir. 1976), also held that the allegations therein were "sufficiently broad to allow proof of facts imposing liability on defendants for the damage caused by the escapee."
[3] Geiger v. State, supra; Walker v. Interstate Fire & Casualty Insurance Co., supra.
[4] Graham v. State, supra; Geiger v. State, supra.
[5] Webb v. State of La., 91 So.2d 156 (La.App. 1st Cir. 1956).