393 So.2d 125 (1980)
Mrs. Daisy LeBLANC
v.
STATE of Louisiana, THROUGH the DEPARTMENT OF CORRECTIONS et al.
No. 13168.
Court of Appeal of Louisiana, First Circuit.
February 25, 1980.
On Rehearing July 25, 1980.
*126 Joel B. Dickinson, Baton Rouge, for plaintiff-appellee Mrs. Daisy LeBlanc.
Archie Perry, Staff Atty., Baton Rouge, for defendant-appellant The State of Louisiana, through the Dept. of Corrections.
Before EDWARDS, LEAR and WATKINS, JJ.
EDWARDS, Judge.
The State, through the Department of Corrections, appeals a judgment awarding Mrs. Daisy LeBlanc $50,000 for damages she suffered when she was assaulted by a juvenile, allegedly an inmate of the Department of Corrections. We reverse.
John Williams, a juvenile offender, was incarcerated in the Louisiana Training Institute. When he had acquired sufficient merit points, he was released on extended leave and placed in the Community Corrections and Rehabilitation Center, Inc., an autonomous facility. He was no longer under the authority and control of the Department of Corrections.
One day, Williams entered the laundry where Mrs. LeBlanc worked. He robbed, brutally beat and raped her, leaving her for dead.
Mrs. LeBlanc sued the Department of Corrections and the Rehabilitation Center. She subsequently settled with the insurer of the Rehabilitation Center. On appeal, only the State's liability is at issue.
We find that, even conceding Williams to have been an inmate of the Department of Corrections, Mrs. LeBlanc cannot recover for her injuries from the State.
Under the analysis of Dixie Drive It Yourself System New Orleans Co. v. American Beverage Company, 242 La. 471, 137 So.2d 298 (1962), four inquiries must all be answered in the affirmative before a plaintiff can recover.
1) Did the act of the defendant play a substantial factor in bringing about harm to the plaintiff, i. e., was it a cause in fact of the harm that occurred?
2) Did the defendant owe a duty to the plaintiff?
3) Was the duty breached?
4) Do the risk and the harm encountered by the plaintiff fall within the scope of protection afforded by the duty which was breached?
We need not answer the initial three inquires since the final one must be answered in the negative.
According to appellee, the acts of the Department of Corrections, which constituted a breach of duty, were 1) allowing Williams to escape, and 2) failing to adopt proper regulations for community rehabilitation centers.
LSA-R.S. 14:110 A provides in part:
"A. Simple escape is:

*127 (1) The intentional departure, under circumstances wherein human life is not endangered, of a person imprisoned, committed, detained, or otherwise in the lawful custody of any law enforcement officer or officer of the Department of Corrections or from any place where such person is legally confined; or
(2) The failure of a criminal serving a sentence and participating in a work release program authorized by law to report or return from his planned employment or other activity under said program at the appointed time; or ....."
LSA-R.S. 15:1136 provides:
"The Department of Corrections shall adopt all regulations it deems essential to the proper conduct of community rehabilitation centers."
Clearly, even if the Department of Corrections failed to adopt regulations in violation of R.S. 15:1136, such a failure was not a cause in fact of the injury to Mrs. LeBlanc.
Furthermore, an "escape" as defined by R.S. 14:110 A is not a result of any failure of the Department of Corrections to establish regulations pursuant to R.S. 15:1136.
Williams' "escape" and subsequent attack on Mrs. LeBlanc was a completely unforeseeable occurrence and not a result of any act by the Department of Corrections. To hold otherwise
"would impose total, unqualified liability on the State for any harm caused by an escaped inmate under any and all circumstances, irrespective of intervening time and distance. As a matter of policy, we are not prepared to extend liability to this degree. We find, therefore, that Appellant does not fall within the class of those afforded protection against the risk of harm involved in this instance."
Graham v. State, through Health and Social and Rehabilitation Services Administration, 354 So.2d 602 (La.App. 1st Cir. 1977).
Webb v. State, through Department of Institutions, 91 So.2d 156 (La.App. 1st Cir. 1956), is inapplicable since in that case, the inmate was actually escaping, not merely failing to go to his assigned job, as in the present case.
Geiger v. State, through Department of Institutions, 242 So.2d 606 (La.App. 1st Cir. 1970), is inapplicable because that case merely held that a plaintiff allegedly injured by an inmate had a cause of action. Geiger did not award damages to the plaintiff but remanded the case for proof.
Mrs. LeBlanc was grievously injured and we truly sympathize with her. However, she did not prove that the State, through its negligence, caused her harm.
For the foregoing reasons, the trial court judgment is annulled and reversed and plaintiff's case is dismissed. All costs of these proceedings are to be paid by Mrs. Daisy LeBlanc.
REVERSED AND RENDERED.
WATKINS, J., concurs in result only.

ON REHEARING
EDWARDS, Judge.
In our original opinion, we held that Mrs. LeBlanc could not recover because she had not proved the state negligent. We granted a rehearing to clarify and expand our reasons for judgment.
Under Dixie Drive It Yourself System New Orleans Co. v. American Beverage Company, supra, the State does have a duty. That duty is to prevent inmates of State penal institutions from escaping. The State's duty is intended to protect persons from being harmed by escaping inmates while they are in the process of escaping. The State's duty is not intended to protect persons from being harmed by inmates who have already escaped and subsequently committed tortious acts in furtherance of their own pursuits. The State is not the insurer of the safety of its citizens.
On original hearing we held that Williams' "escape" was purely technical and not caused by the State's negligence. We now observe that even if Williams' escape were found to be caused by the State's negligence, a condition contrary to fact, Mrs. LeBlanc could not recover.
*128 The assault on Mrs. LeBlanc was not a part of the process of escape. Rather, it was a subsequent and spontaneous act of Williams' related in no way to his inmate status. Thus, negligence by the State is irrelevant because the circumstances of Williams' attack precludes recovery by the plaintiff from the State.
Some problems have arisen from the case of Webb v. State, through Department of Institutions, supra. In Webb, an inmate escaped from Angola and some twelve hours later went into the Webb home where he shot the plaintiff. The trial court determined that the inmate was "still in the process of attempting to make good his escape," and on that basis an award of $15,000 was affirmed. What has happened since Webb is that a plaintiff's emphasis has often been placed on the proximity in time and space of an escaped inmate's offense to the point of his escape rather than on the proper question of whether the offense, regardless of its time and location, actually was an integral part of the process of escaping. Graham v. State, through Health and Social and Rehabilitation Services Administration, supra; Frank v. Pitre, 353 So.2d 1293 (La.1977); Walker v. Interstate Fire & Casualty Insurance Company, 334 So.2d 714 (La.App. 2d Cir. 1976); Geiger v. State, through Department of Institutions, supra. See also Green v. State, through Department of Institutions, 91 So.2d 153 (La.App. 1st Cir. 1956).
John Williams had not "escaped" when he attacked Mrs. LeBlanc, and, even if he had, his escape was complete when he left the grounds of the Louisiana Training Institute. There were no law enforcement authorities pursuing him. Any acts of Williams, including the vicious attack on plaintiff, were his sole responsibility.
We therefore reaffirm our original opinion.
AFFIRMED.