525 So.2d 1144 (1988)
OPELOUSAS SCRAP MATERIALS, INC., Plaintiff-Appellant,
v.
STATE of Louisiana, DIVISION OF EVALUATION & SERVICES, FOSTER HOMES PROGRAM and Anna Lee Beadle, Defendants-Appellees.
No. 87-308.
Court of Appeal of Louisiana, Third Circuit.
May 11, 1988.
*1145 Losavio & Weinstein, Patrick J. Mangan, Opelousas, for plaintiff-appellant.
Taylor L. Caffery, Baton Rouge, Boagni & Genovese, James T. Genovese, Opelousas, for defendant-appellee.
Before DOMENGEAUX and GUIDRY, JJ., and REGGIE[*], J. Pro Tem.
DOMENGEAUX, Judge.
Opelousas Scrap Materials, Inc. (Opelousas Scrap) commenced these proceedings to recover damages for acts of theft and vandalism allegedly committed against its property by three minors in the Foster Homes Program of the Department of Health and Human Resources, State of Louisiana. Opelousas Scrap named as the defendants: (1) the State of Louisiana, Department of Health and Human Resources, the State agency responsible for the Foster Homes Program; and (2) Anna Lee Beadle, the person who contracted with the Department of Health and Human Resources to become a foster parent and in whose home the minors were residing at the time of the alleged incident.
The State and Beadle, both filed peremptory exceptions of no cause of action in accordance with La.Code Civ.Proc. art. 927(4) (1960). The Trial Judge sustained the defendants' exceptions and held that "[t]here was a lack of connection between the damage alleged [and] any duty breached by either the State or defendant Beadle." The Court further reasoned that because the minors were residing in the Beadle home, a foster home, they had probably not been adjudicated delinquents and stated *1146 that foster care was for the benefit of the child, not the protection of the public.
Opelousas Scrap sought this appeal maintaining that the Trial Court erred in sustaining the State and Beadle's exceptions of no cause of action. The issue presented for review is whether, accepting Opelousas Scrap's allegations as true, the defendants have clearly shown that the law affords no one a remedy against the State of Louisiana, Department of Health and Human Resources, Administrator of the Foster Homes Program, or Anna Lee Beadle, the foster parent, for the acts of theft and vandalism allegedly committed by the minor foster residents of the Beadle home.
The function of the peremptory exception of no cause of action is to determine the legal sufficiency of a petition. Darville v. Texaco, Inc., 447 So.2d 473 (La.1984); Haskins v. Clary, 346 So.2d 193 (La.1977). All well-pleaded allegations of fact in a petition are to be accepted as true but, an exception should only be sustained if it is clearly shown that the law affords no one a remedy for the grievances alleged. Meche v. Arceneaux, 460 So.2d 89 (La.App. 3rd Cir.1984); Cupp v. Federated Rural Electric Insurance Co., 459 So.2d 1337 (La.App. 3rd Cir.1984). Reasonable doubt as to the sufficiency of a petition should be resolved in favor of affording the plaintiff his or her day in court. Darville, supra; Kaufman & Enzer Joint Venture v. Bethlan Production Corp., 459 So.2d 60 (La. App. 2nd Cir.1984).
Prior to reviewing the facts alleged in the plaintiff's petition, we believe it is incumbent that we initially determine under which theory or theories of liability, if any, the State or a foster parent may be found legally responsible for the acts of a foster child. Our review of the statutory and jurisprudential law will first consider strict liability and will then turn to liability founded on negligence.
La.Civ.Code art. 2317 (1870), the source of strict liability in Louisiana, provides:
We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications.
One of the "modifications" referred to in article 2317 is La.Civ.Code art. 2318 (1870). Article 2318 provides:
The father and the mother and, after the decease of either, the surviving parent, are responsible for the damage occasioned by their minor or unemancipated children, residing with them, or placed by them under the care of other persons, reserving to them recourse against those persons.
The same responsibility attaches to the tutors of minors. (emphasis added).
Article 2318 indicates that a "father", "mother" or "tutor" may be found strictly liable for the acts of a child, but only if that child is a minor or is unemancipated and resides with the father, mother or tutor, or is placed by them under the care of another. See also, La.Civ.Code art. 237 (1870).
Our research has revealed that Louisiana follows the notions of family solidarity espoused by the Romans. 12 F. Stone, La. Civil Law Treatise § 83 (1977). The paterfamilias, the head of the household or family, according to Roman law, was responsible for the acts of the family because of his traditional control and authority. The responsibility of a father, mother and tutor, as provided by art. 2318, is analogous to that of the Roman paterfamilias because of the authority they have over minor and unemancipated family members.
Article 2318 is clear and unambiguous, and in accordance with the dictates of La. Civ.Code art. 9 (1870) (amended 1987) it should be applied as written without interpretation obstensively in search of legislative intent. Liability pursuant to article 2318 extends only to "fathers" "mothers", and "tutors" and then only for the acts of "their" minor or unemancipated children residing with them or placed by them in the care of another. We do not believe that the State, even though it had "legal custody" of the minors, or Beadle, who was the *1147 "foster" parent and possessed physical custody, may be held strictly liable. La.R.S. 13:1569(11) (1950) (amended 1972); La.R.S. 46:51(8) (1950) (amended 1978); Smith v. State, Division of Family Services, Department of Health and Human Resources, 452 So.2d 388 (La.App. 3rd Cir. 1984).
Neither the salient language of art. 2318 nor the theory underlying its enactment suggests that either the State or a foster parent may be found strictly liable for the acts of minor foster children. The State and foster parents ordinarily lack the opportunity to nuture and direct the lives of foster children in the same respect a parent or tutor may.
Having concluded that strict liability pursuant to art. 2318 may not be imposed upon the State or foster parents, we turn our attention to the issue of liability founded upon negligence. La.Civ.Code art. 2315 (1870) (as amended) provides, in part:
Every act whatever of man that causes a damage to another obliges him by whose fault it happened to repair it.
The fundamental precept of our system of tort liability, derived from art. 2315, is that one is liable for the damage occasioned by his fault or for that which is caused by persons for whom he is answerable or of things and buildings in his custody. Guilyot v. Del-Gulf Supply, Inc., 362 So.2d 816 (La.App. 4th Cir.1978). La.Civ.Code art. 2316 (1870) further establishes that:
Everyone is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence or his want of skill.
Negligence has been defined by the jurisprudence to be the failure to do that which a reasonably prudent person would ordinarily have done under the circumstances of the situation. Illinois Central Railroad Co. v. O'Neill, 177 F. 328, (5th Cir. 1909), cert. denied, 217 U.S. 604, 30 S.Ct. 694, 54 L.Ed. 899 (1910); Callais v. Allstate Insurance Co., 334 So.2d 692 (La. 1976).
Our review of the statutory and jurisprudential law leads us to the conclusion that the State or a foster parent or both may be found liable under the theory of negligence. A trier of fact, in order to render a judgment against either or both the State and a foster parent, would have to conclude that each had acted or had failed to act in a manner consistent with the action that would have been undertaken by the fictional reasonably prudent person encountering like circumstances. We emphasize that liability founded upon negligence is premised solely upon the acts or failure to act of the State and a foster parent, not upon any acts of foster children. The State and foster parents may only be held accountable for its and their own conduct respectively.
We note, at this juncture, that we have made no determination as to the liability of either the State or Beadle. This opinion only addresses the question of whether the plaintiff's petition states a cause of action. We have not been called upon nor are we rendering any opinion on the liability of either defendant or the possibility that the plaintiff will prevail at trial. Our only conclusion, founded on the policy of resolving doubt as to the sufficiency of a petition in favor of the plaintiff, is that Opelousas Scrap should be permitted to proceed towards trial on the merits.
We suggest, without attempting to thoroughly elaborate upon the factors which a trier of fact should take into consideration, that notice be taken of the fact that the State, on behalf of society, and foster parents by endeavoring to provide foster care are accepting the responsibility which a child's parents or tutors may have declined or may be unable to accept. The State and foster parents may have been called upon to exercise a position of responsibility over the life of a child which could prove very difficult in light of the guidance, or lack thereof, the child may have received prior to entering the Foster Homes Program. We would suggest, simply stated, that consideration be given of the fact that the State and foster parents may have not only been called upon to provide guidance and supervision, but may possibly have also been called upon by the circumstances to redirect a child's life and to overcome the *1148 obstacles that possibly years of lack of care and attention may have firmly rooted in the child's behavior.
Directing our attention to the precise issue at hand, whether the plaintiff's petition states a cause of action, we note that Opelousas Scrap's original and amending petitions set forth the following allegations of fact:
(1) Beadle, on or prior to July 9, 1985, was a duly authorized foster parent of the Foster Homes Program of the State of Louisiana;
(2) The State, on or prior to July 9, 1985, pursuant to the Foster Homes Program, placed in the Beadle home at 401 North Market Street, Opelousas, Louisiana, two minors believed to be Todd Bihm, and Billy Moss and a third unknown minor;
(3) The minors, on July 9, 1985, entered the property of Opelousas Scrap located at 657 North Court Street, did extensive damage to Opelousas Scrap's property and stole a 1985 Ford truck; and
(4) Opelousas Scrap sustained damage to its building and equipment, and incurred expenses related to the acts of the minors in the amount of $3,605.11.
The pleadings further allege that the following acts of negligence of the State and Beadle resulted in the damage:
(1) The State and Beadle failed to adequately supervise the minors placed in their custody and under their control;
(2) The State and Beadle knew or should have known that one or more of the minors had previously committed similar acts of damage and/or destruction to private property and they failed to take any precautions against further such acts;
(3) The State and Beadle failed to protect the property of others from damage and destruction caused by persons placed under their care, custody and control; and
(4) The State failed to place the minors in a home or institution from which they could not freely escape and cause damage.
The Trial Judge held that Opelousas Scrap's allegations failed to state a cause of action concluding that "[t]here was a lack of connection between the damage alleged [and] any duty breached by either the State or defendant Beadle." We must respectfully disagree. Relying upon our earlier discussion of the peremptory exception of no cause of action, we believe that Opelousas Scrap's petition is legally sufficient to elude dismissal via an exception of no cause of action. Of course, the allegations pled must be established at trial in order to provide the plaintiff relief. It must also be shown that a causal link exists between the breach of any duty and any damages proven.
The Trial Judge, in his reasons for judgment, cited as authority for his decision the case of Green v. State, Department of Institutions, 91 So.2d 153 (La.App. 1st Cir. 1956). The plaintiffs in Green were persons who had been injured as the result of the negligent operation of a motor vehicle by a 15-year-old inmate of a State industrial school or home. The minor in question escaped from the "home", stole a car and, thereafter, injured the plaintiffs. The State filed an exception of no cause of action which the Trial Court sustained.
The Louisiana First Circuit, on appeal, affirmed the lower court decision dismissing the plaintiff's suit. The Court in rendering its decision held that the causal connection between the injuries sustained by the plaintiffs and the duty of the State to prevent inmates from escaping was too remote. The Court stated:
There is no more reason for the State to be civilly responsible for the convict's general misconduct during the period of his escape than for the same misconduct after a legal release, unless there is some further causal relationship than the release or escape to the injuries received.

Id. at 155.
We decline to follow Green because we do not believe there is a similar lack of *1149 causal relationship and because the jurisprudence advises that reasonable doubt as to the existence of a cause of action should be resolved in favor of upholding the petition. The Court in Green, in sustaining the State's exception, concluded that the State's duty to house prisoners and the possibility of an automobile accident subsequent to an escape proved too remote. We believe that the State's duty to house inmates and its duty to provide supervision for foster children, although similar, are too dissimilar to follow Green. Prison is intended to provide secured confinement. Foster care, on the other hand, is designed to provide supervised custody which does not cease merely because the child leaves the residence.
According to the Green decision, the State was not held liable for the automobile accident because its duty to the plaintiffs had ceased. We do not believe that the instant case may be resolved similarly, because we believe distinctions exist between the duty to confine and the duty to provide supervised foster care. Unlike the Green Court, we do not believe that we may readily conclude that there is a lack of causal connection and we, therefore, choose to resolve our doubt in favor of affording the plaintiff its day in court.
For the above and foregoing reasons, the judgment of the District Court, sustaining the peremptory exceptions of no cause of action filed by the State of Louisiana, Department of Health and Human Resources and Anna Lee Beadle and against Opelousas Scrap Materials, Inc., is reversed.
This case is ordered remanded to the District Court for further proceedings.
All costs of this appeal are assessed against the State of Louisiana and Anna Lee Beadle.
REVERSED AND REMANDED.
NOTES
[*] Honorable Edmund M. Reggie, Judge, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.