FOIL, Judge.
In this appeal, we are asked to decide whether the State, as a custodian of prisoners, is liable for criminal acts perpetrated on two individuals by an escaped convict, where the incidents in question took place thirteen days after the escape. The lower court held the State liable to the victims. We reverse.
FACTS
This is a negligence action brought by victims of a robbery committed by an escaped convict against the State of Louisiana, through the Department of Corrections. The record shows that Robert Downs was confined to the Louisiana State Penitentiary at Angola, Louisiana, serving a sentence of 198 years for armed robbery. On the evening of August 23, 1986, Downs, Danny Weeks and James Colvin escaped from Angola. An investigation revealed that the three escaped by removing a cinder block from a wall constructed underneath an elevated gym at the institution. They made their way to the perimeter fence, and cut through the fence directly below an unmanned guard tower.
A head count taken shortly after the escape revealed that three inmates were missing, and prison officials immediately initiated a search. The State Penitentiary Search Team searched with dogs, sent out guards at key locations and patrolled the area. Subsequently, the search personnel were deployed to different locations in Mississippi as the officials began receiving leads on the whereabouts of the escaped convicts. Although the search lessened in intensity as time went on, it was not for *1253 mally called off until the incidents involved in this lawsuit transpired.
On the evening of September 6, 1986, plaintiffs, Alvin Wilson and Ed Hilliard, Jr., were confronted by Downs as they returned home to a trailer located fifteen miles from Angola. Armed with a gun, Downs ordered the men to give him the keys to a truck they arrived in, then led them inside the trailer, where he tied them up. Downs then stole numerous items belonging to the victims, including the truck, money, clothes, food and weapons. Shortly thereafter, Wilson and Hilliard identified Downs at the local sheriffs office as the assailant.
Contending the State was negligent in allowing Downs to escape from its custody, plaintiffs filed this suit, seeking damages for personal injuries and the theft of their property. During the trial, following the conclusion of plaintiffs’ evidence, the State moved for a directed verdict on the issue of liability. The trial court refused the request, finding that the criminal acts were perpetrated during the course of an ongoing escape, and were committed to obtain money and transportation to effectuate the escape. At the conclusion of all of the evidence, the trial court found the State at fault, awarding damages to Alvin Wilson in the amount of $17,500.00, and to Ed Hilli-ard, Jr. in the amount of $15,000.00. The State took this appeal, challenging the liability and quantum determinations.
LIABILITY
Our jurisprudence sets forth certain principles governing the liability of a prison custodian for acts committed by those escaping from its custody. A custodian has a duty to manage the affairs of the prison so as not to create an unreasonable risk of harm to the public. To recover against a custodian, a plaintiff must prove that the custodian was negligent in the management of the prison, that this negligence facilitated the escape, that the actions of the escapee caused the harm complained of, and that the risk of harm encountered by the particular plaintiff falls within the scope of the duty owed by the custodian. Reid v. State, Dept. of Corrections, 376 So.2d 977 (La.App. 1st Cir.1979), writ denied, 380 So.2d 71 (La.1980), and cases cited therein.
We need not address the issue of whether plaintiffs proved the prison custodian was negligent in this case, because we find the trial court erred in finding the injuries sustained by plaintiffs were within the scope of the duty owed by the State. It is clear that the State’s duty to protect the public from harm at the hands of escaped inmates does not encompass all harms inflicted by the escapees. Sanchez v. State, Department of Health & Human Resources, 506 So.2d 777 (La.App. 1st Cir. 1987). In LeBlanc v. State, Through Department of Corrections, 393 So.2d 125 (La.App. 1st Cir.), writ denied, 394 So.2d 1235 (La.1980), this court stressed that although the State does have a duty to prevent inmates from escaping, that duty is intended to protect persons from being harmed by escaping inmates while they are in the process of escaping. This duty is not intended to protect persons from harm inflicted by inmates who have already escaped and who subsequently commit tor-tious acts in the furtherance of their own pursuits. We stressed that the “State is not the insurer of the safety of its citizens.” Id. at 127. Further, we stated that the proper question in resolving the scope of the duty issue was to determine whether the escapee’s offense “actually was an integral part of the process of escaping,” regardless of the proximity in time and space of an escaped inmate’s offense. Id. at 128.
We hold that the trial court erred in finding that the criminal acts committed by Robert Downs, thirteen days after his escape, were an integral part of the process of escaping. Although in this case, the search for the escaped convicts had not been formally called off at the time the incidents occurred, we do not believe this *1254 fact mandates that we find the criminal acts constituted an “integral part” of the escape process.
As a matter of policy, the state's liability should not extend to acts of violence committed by escaped convicts thirteen days after the escape from confinement. See Reid v. State, Dept, of Corrections, 376 So.2d at 979. Consequently, we hold that, in this case, the risk that an escaped convict would harm these plaintiffs thirteen days after the escape is simply too remote to fall within the scope of the custodian’s duty to prevent inmates from escaping.
Based on the foregoing, we reverse the judgment of the trial court. All costs are assessed to plaintiffs.
REVERSED