594 So.2d 977 (1992)
Clifton WILLIAMS, Sr., Plaintiff-Appellant,
v.
M. Candice HATTAN & Howard W. Martin; J. Minos Simon (3rd Party Demand of Hattan with Cross Claim); Miles Tilley (Cross Claim of Hattan); Clifton Williams, Sr. (Reconventional Demand of Hattan), Defendants-Appellees.
No. 90-753.
Court of Appeal of Louisiana, Third Circuit.
February 12, 1992.
Rehearing Denied March 12, 1992.
J. Minos Simon, Lafayette, for plaintiff-appellant.
Roy & Hattan, L. Lane Roy, Allen, Gooch, Bourgeois, Breaux, Robison & Theunissen, Wm. H. Parker III, Martin, Taulbee, Rowe, Bares & Oliver, Howard W. Martin, Lafayette, Keogh, Cox & Wilson, John P. Wolff, Baton Rouge, for defendants-appellees.
*978 Before DOUCET, YELVERTON, and KNOLL, JJ.
DOUCET, Judge.
These two consolidated appeals, Numbers 90-753 and 90-1027, 594 So.2d 980, arise out of a suit filed by Clifton Williams, Sr. against Candice Hattan and Howard Martin alleging abuse of process in connection with discovery proceedings in a personal injury suit.
According to his petition in the matter currently before the court, in July 1988, Clifton Williams, Sr. filed suit in Iberia Parish for personal injuries allegedly sustained in an automobile accident. Hattan represented Allstate as liability insurer of the tortfeasor. Martin represented Allstate as uninsured motorist insurer of Williams. In pursuing discovery in the personal injury action, Hattan and Martin noticed the depositions of his employer and a number of doctors who had provided medical care to Williams. In connection with each deposition, a subpoena duces tecum was issued for production of medical or employment records. Some of the deposition notices contained language excusing the witnesses from appearing if they provided the defendants with copies of the records. Williams alleges that others were given this message by correspondence.
In September 1989, Williams filed this suit alleging that counsel for defendants had abused the discovery process, first by noticing the deposition of a non-party in a parish in which he did not reside as well as by representing to witnesses that they could ignore compulsory process. Williams alleges that he was thereby denied "the opportunity to participate in that process, to object thereto and to otherwise secure and vindicate his legal rights" and that the defendants invaded "his privacy by secretly obtaining records...." Defendant Hattan filed a Third Party Demand, Cross Claim, Reconventional Demand and Motion for Sanctions. The Motion for Sanctions asked for sanctions against Minos Simon and Miles Tilley, the attorneys for Williams. Hattan and Martin each filed an Exception of No Cause and/or No Right of Action.
The district court sustained the exceptions of No Cause of Action and dismissed Williams' action against Hattan and Martin with prejudice. This dismissal is the basis for the first of the two consolidated appeals.
The district court dismissed Hattan's Third Party Demand against plaintiff's counsel, Minos Simon, but upheld her crossclaim and motion for sanctions. On January 23, 1990, the court ordered Simon to produce documents requested by Hattan within 20 days. Before the 20 days were up this court, acting on a writ application, dismissed both Hattan's Third Party Demand and her Cross-Claim. Simon refused to produce the documents as ordered, arguing that he was no longer a party and that since interrogatories and requests for production can only be served on a party, he did not have to answer. Hattan moved to compel arguing that the pending Motion for Sanctions was sufficient to make Simon a party. Simon objected and moved for sanctions. The trial court found for Simon stating that the outstanding motion for sanctions was insufficient to make Simon a party. Sanctions in the amount of $125.00 were awarded in favor of Simon and against Hattan. Hattan appeals that judgment in the second of these consolidated appeals.

NO CAUSE OF ACTION
Williams argues in the first of these consolidated appeals that the trial court erred in granting the Exceptions of No Cause of Action. He alleges that his petition did express a cause of action for abuse of process in that it contained allegations that the defendants had caused unauthorized, illegal, and sham deposition notices to issue in violation of the statutory law governing discovery.
The function of the peremptory exception of no cause of action is to determine the legal sufficiency of a petition. Darville v. Texaco, Inc., 447 So.2d 473 (La. 1984); Haskins v. Clary, 346 So.2d 193 (La.1977). All well-pleaded allegations of fact in a petition are to be accepted as true

. . . . .
*979 Opelousas Scrap v. Foster Homes Program, 525 So.2d 1144, 1146 (La.App. 3rd Cir.1988).
However, an exception of no cause of action should be sustained by a reviewing court only if it is clearly shown that, based on the well-pleaded allegations of fact in the petition, the law affords no one a remedy for the grievances alleged, under the circumstances alleged, under any theory of the case. Robinson v. North American Royalties, Inc., 470 So.2d 112 (La. 1985); Sanborn v. Oceanic Contractors, Inc., 448 So.2d 91 (La.1984); Mott v. River Parish Maintenance, Inc., 432 So.2d 827 (La.1983); Opelousas Scrap, Inc. v. Foster Homes Program, supra.
After reviewing the record on appeal and the statutory and jurisprudential authority, we do not believe that the law affords a remedy for the particular grievance alleged, under the circumstances alleged, under any theory of the case. We find nothing in the laws governing discovery which prohibits the use of what are known as "records only depositions." Nor on the record before us can we find any violation of the rules governing discovery in the defendants' actions with regard to these depositions. The use of "records only depositions" is a well recognized custom in the area. La.C.C. art. 3 recognizes customary procedures as acquiring the force of law as long as the procedure does not abrogate from statutory law.
Additionally, the La.Code of Civil Procedure makes ample provision for objection to and protection from abusive discovery procedures. Williams could and should have availed himself of these remedies which the law does provide, in the original personal injury action, if he felt the discovery sought was improper.
Accordingly, we find no error in the trial court's ruling that the plaintiff's petition stated no cause of action.
Williams argues in the alternative that upon the trial court's decision to sustain the exceptions he should have been given the opportunity to amend his original petition to state a cause of action. La. C.C.P. art. 934 provides that:
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed.
Williams does not suggest the manner in which his petition could be altered to state a cause of action. In Johnfroe v. Children's Hospital, 537 So.2d 383, 386 (La. App. 4th Cir.1988) stated that:
To allow the amendment contemplated by La.C.C.P. art. 934 there should be some indication that the defective petition can be amended to state a lawful cause of action. A plaintiff must be able to remove the grounds of the objection.
In this case, the trial court apparently felt that the grounds for the objection could not be removed. We agree. After reviewing the record we conclude that the petition cannot be amended to state a cause of action. Therefore, the trial court properly dismissed Williams' petition.

MOTION TO COMPEL AND SANCTIONS
In connection with the second of the consolidated appeals, Hattan argues that the trial court erred in denying her Motion to Compel Discovery and in granting the Motion for Sanctions against her. In his reasons for judgment the trial judge concluded that discovery in the form of interrogatories or a motion for production of documents was not available from Simon because he was not a party to a suit.
After reviewing both State and Federal jurisprudence on this issue, we conclude that where a Motion for Sanctions is brought against an attorney, he or she is a party in interest. Should the motion be successful, judgment will be rendered against the attorney personally. Any appeal must be taken in the attorney's name. See DeLuca v. Long Island Lighting Co., Inc., 862 F.2d 427 (2d Cir.1988) and Franklin v. Harvill, 406 So.2d 696 (La.App. 2nd *980 Cir.1981). Since Hattan's Motion for Sanctions against Simon and Tilley remains before the court, Simon and Tilley are parties in interest.
It follows that an attorney against whom sanctions are sought is subject to those discovery methods which may be served on parties, insofar as the material sought is discoverable under the provisions of La. C.C.P. art. 1422. La.C.C.P. art. 1422 states that:
"Unless otherwise limited by order of the court in accordance with this Chapter, the scope of discovery is as set forth in this Article and in Articles 1423 through 1425.
Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."
Our review of the interrogatories and motions for production sought to be compelled by Hattan convinces us that they are relevant to the Motion for Sanctions and that the material sought is discoverable. Accordingly, the Motion to Compel should have been granted. In light of our determination that Simon and Tilley are parties for purposes of the pending Motion for Sanctions, and that the material sought is discoverable in connection with that motion, we can find no basis for the imposition of sanctions against Ms. Hattan.

CONCLUSION
Accordingly, the judgment dismissing Williams' suit is affirmed. Costs of this appeal are to be paid by the appellant. The judgment denying Hattan's Motion to Compel and granting sanctions against her is reversed. Costs of the appeal are to be paid by Simon. The matter is remanded to the trial court for resolution of Hattan's Motion for Sanctions.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.