Anthony **CHAVEZ**, Plaintiff-Appellant,

v.

**NOBLE DRILLING CORPORATION** et al., Defendants-Appellees.

No. 77–2420
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 2, 1978.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Darleen M. Jacobs, New Orleans, La., for plaintiff-appellant.

Wm. K. Christovich, New Orleans, La., for Noble Drilling Corp. and Pennzoil Co.

John V. Baus, R. Patrick Vance, New Orleans, La., for Texas Marine & Industrial Supply Co.

Before AINSWORTH, MORGAN and GEE, Circuit Judges.

AINSWORTH, Circuit Judge:

In this tort action, plaintiff Anthony Chavez, a utility hand for Universal Services, alleges that on December 30, 1975, he injured his back on a Noble Drilling Corporation and Pennzoil Company rig or platform in the Gulf of Mexico off the Louisiana coast when he lifted an unlabeled box of groceries weighing over one hundred pounds. Seeking $500,000 in damages, Chavez sued Noble Drilling Corporation and Pennzoil Company for failing to provide him with assistance in lifting the box and Texas Marine and Industrial Supply Company ("Texas Marine") for failing, as supplier of the groceries, to label the box as to weight. The district court granted Texas Marine's motion for summary judgment. We affirm.

Because a factual dispute exists as to whether the alleged injury occurred on a fixed platform or a movable rig, we must look both to Louisiana law and to federal maritime law. If Chavez was injured on a fixed platform, Louisiana law is applicable. Louisiana jurisprudence indicates that in a tort action the courts are to apply a "duty/risk" analysis to determine whether a defendant's conduct was the legal cause of the plaintiff's injury. *Hill v. Lundin & Associates, Inc.*, 260 La. 542, 256 So.2d 620 (1972). The Louisiana Supreme Court first articulated this approach in *Dixie Drive It Yourself System New Orleans Co. v. American Beverage Co.*, 242 La. 471, 137 So.2d 298 (1962). A later decision by a Louisiana Court of Appeal explained the analysis as follows:

[F]or the negligence of a defendant to be a "legal" or "proximate" cause of injuries sustained by another, (1) the defendant's negligence must be a cause-in-fact of the injured person's injuries, and (2) the risk and harm encountered by the injured person must fall within the scope of protection afforded by the duty to others breached by the defendant's negligence. *Dartez v. City of Sulphur*, 179 So.2d 482, 484 (La.Ct.App.1965). *See Thomas v. Hanover Insurance Co.*, 321 So.2d 30, 33–34 (La. Ct.App.1975); Crawford, *Torts, The Work of the Louisiana Appellate Courts for the 1971–1972 Term*, 33 La.L.Rev. 206, 210–12 (1973). Whether a defendant owes a plaintiff a legal duty is a question of law. Whether a defendant has breached a duty owed is a question of fact. *See Hill v. Lundin & Associates, Inc., supra; Dixie Drive It Yourself System New Orleans Co. v. American Beverage Co., supra.* Assuming the facts as alleged by Chavez, we find, as did the district court, that Texas Marine owed no duty to Chavez to label the boxes as to weight. The only legal duty owed by Texas Marine was properly to pack the groceries. This it did. To require more would be, as pointed out by the district court, "to avoid the realities of the situation and impose artificial and unrealistic standards." *Cf. Hill v. Lundin & Associates, Inc., supra*; Malone, *Ruminations on Cause-In-Fact*, 9 Stan.L.Rev. 60, 72–75 (1956).

If Chavez was injured on a movable rig, federal maritime law would be applicable. In this circuit the proper standard to be applied in maritime tort cases [1] is "legal cause." *Spinks v. Chevron Oil Co.*, 5 Cir., 1975, 507 F.2d 216, 222–23. In *Spinks* we stated:

. . . The concept of proximate cause often obscures the true analysis of a tort. A court makes a policy judgment on the limits of liability when causation in fact has been established. Prosser, Torts § 42 (4th ed. 1971). This Court has applied in maritime law the legal cause analysis, as it is used in common law torts in admiralty. . . .

The American Law Institute's Restatement 2d of Torts adopts the modern concept of legal cause. The elements of legal cause are negligence, a causal connection between the negligence and the injury, the invasion of a legally protected interest, and lack of a countervailing legally protected interest as a defense to liability. Restatement 2d Torts § 9. The defendant's negligence must be a substantial factor in bringing about the harm, with no rule of law relieving the actor of fault. *Id.* § 431. "Substantial" means more than "but for" the negligence, the harm would not have resulted, (*id.* Com. a) and more than merely negligible negligence. *Id.* Com. b. The gist of it is that some responsibility for the effect must accompany the cause.

The Fifth Circuit "legal cause" standard thus involves the concept of duty, or "legally protected interest." *Compare* 507 F.2d at 223, *with Hill v. Lundin & Associates, Inc., supra*, 260 La. at 550–51, 256 So.2d at 622–23. As previously demonstrated, Texas Marine breached no duty owed to Chavez. Even assuming the existence of the other elements of legal cause, there thus was no "invasion of a legally protected interest." Hence there was no legal cause.

A motion for summary judgment should be granted only if there is no genuine issue as to any material fact and the moving party, as a matter of law, is entitled to judgment. Fed.R.Civ.P. 56(c). *See, e. g., Aulds v. Foster*, 5 Cir., 1973, 484 F.2d 945, 946. As a matter of law, Texas Marine breached no duty owed to Chavez. Accordingly, the order of the district court is

AFFIRMED.

---

1. The Jones Act does not apply to this case because Texas Marine was not Chavez's employer. *See* 46 U.S.C. § 688.