**Wesley BROWN**

v.

**CHANNEL FUELING SERVICE, INC.,**
**Gremar Compania, et al.**

**Civ. A. No. 81–3690.**

United States District Court,
E.D. Louisiana.

Nov. 30, 1983.

Donna Young, New Orleans, for plaintiff.

Gustave A. Manthey, Jr. of Chaffe McCall, Phillips, Toler & Sarpy, New Orleans, La., for Gremar.

James Cobb, New Orleans, La., for Channel Fuels.

## ORDER AND REASONS

CHARLES SCHWARTZ, Jr., District Judge.

This matter is before the Court on the motion of defendant Gremar Compania (Gremar) for summary judgment on the claims asserted against it by plaintiff, Wesley Brown, on the basis that its conduct was not the "legal cause" of plaintiff's injury. Gremar reasons that it owed, and therefore breached, no duty to plaintiff. Both plaintiff and defendant Channel Fueling Service, Inc. (Channel) oppose Gremar's motion for summary judgment on the grounds that Gremar's vessel owed a general duty at large to refrain from negligent acts, and that courts have found causation in situations in which the negligence and injury were far more remote than they are in the present case. Following oral argument and considering the memoranda filed by the parties, the record herein, and the law applicable to this issue, the Court grants the motion for summary judgment for the following reasons.

This action was instituted by plaintiff against his employer, Channel, for personal injuries he allegedly sustained while cleaning oil from the deck of the fuel barge CHANNEL FUELER 10, owned by Channel. Plaintiff later amended his complaint to add Gremar, owner of the M/T APHRODITE B, and Nola Marine, owner of the tug KAREN WAYNE, as defendants. It is undisputed that the M/T APHRODITE B and the KAREN WAYNE collided on September 5, 1981 at 0025 hours at Mile 97 AHP of the Mississippi River. As a result of the collision, heavy crude oil cargo spilled from the fracture of the No. 1 port tank of the APHRODITE B and flowed downriver.

At the time of the collision the barge on which plaintiff was working was approximately six miles downstream from the collision site. The current at the time of the collision was one knot.[1] The oil reached the location of the fuel barge on which

---

1. Testimony of R.J. Karr, river pilot of the M/T APHRODITE B, U.S. Coast Guard transcript, p.

plaintiff was working approximately six hours after the collision. For purposes of this motion it was stipulated that oil from the collision had washed onto the deck of the fuel barge CHANNEL FUELER 10 and had congealed into a soft, tar-like substance. As part of his normal duties plaintiff undertook to clean the deck of the barge on September 7, 1981. After completing most of the task, plaintiff lost his footing and fell. Plaintiff thereafter commenced this action, alleging a cause of action against Gremar, among others. Defendant Gremar submits that summary judgment should be granted as a matter of law on the basis that any oil spill that resulted from the APHRODITE B/KAREN WAYNE collision cannot be considered the legal cause of plaintiff's injury.

The determination of whether a defendant is responsible for plaintiff's injury is determined by a "legal cause" analysis. *Spinks v. Chevron Oil Co.*, 507 F.2d 216 (5th Cir.1975). Gremar does not deny that the actions of the colliding vessels in causing oil to spill into the Mississippi River constituted "negligence" to some classes of persons. Gremar does dispute, however, that it is negligent as to the plaintiff, contending that plaintiff's alleged injuries were not proximately or substantially caused by any conduct of this defendant. For the conduct of defendant to be negligent as to plaintiff, the defendant must owe some duty to the plaintiff which is breached by the negligent conduct of the defendant. *Chavez v. Noble Drilling Corp.*, 567 F.2d 287 (5th Cir.1978). Gremar argues that the mere fact that a person working on a barge six miles downriver may slip and fall while cleaning oil two days after a collision is outside the scope of any duty owed by defendant.

The resolution of the motion before the Court turns on whether a limitation should be placed on defendant's duty. We are of the belief that a limit must be placed as to how far a defendant's responsibility should extend. Although the doctrine that one is only responsible for the foreseeable natural probable consequences of his acts has been subject to great erosion, it ·has not completely disappeared. Thus, we are of the belief that at some point common sense must take over and dictate as to how far defendant's responsibility should extend. Defendant should not be held responsible for *all* injuries which occur as a result of the oil spill, no matter how far removed in distance and time. To do so would be to stretch the concept of legal cause too far. "... somewhere a point will be reached when the courts will agree that the link has become too tenuous—that what is claimed to be consequence is only fortuity." *Petition of Kinsman Transit Company*, 388 F.2d 821, 824–825 (2d Cir.1968). The accident which was allegedly caused by the negligence of defendant is, at best, a fortuitous event for which defendant's conduct was not a legal cause. Plaintiff's accident and resulting injury were too remote from the collision, both in time and space, for plaintiff to recover from Gremar. Phrased in terms of foreseeability, it simply was not foreseeable that oil which spilled into the Mississippi as a result of a collision would splash aboard a barge miles away and cause someone to slip some two days after the collision. Accordingly, the motion of Gremar for summary judgment is granted.