STOKER, Judge.
This is a personal injury suit. A jury verdict in favor of plaintiffs and against defendants, Super Foods, Inc. and its insurer, was set aside by the court in a judgment notwithstanding the verdict. Plaintiffs appeal from this judgment and assign as errors the following:
1. The trial judge (1) should have allowed the introduction into evidence of Longshore and Harbor Workers’ Regulation 1918.85(b), and (2) should have instructed the jury as to the application of such regulation.
2. The trial judge erred in failing to give a “Chaney v. Brupbacker” [242 So.2d 627 (La.App.1970) ] charge.
FACTS
Plaintiff was employed as a cook by University Services, Inc. on a stationary platform owned by Transco Exploration Company. Plaintiff was injured on April 21, 1985 when he attempted to lift an unmarked ice chest which had been packed by defendant, Super Foods, Inc. (Super Foods). Super Foods had packed the ice chest pursuant to a contract with Transco to supply foodstuffs for transportation to Transco’s offshore platforms.
Plaintiff filed suit against Transco, Ernest Fruge (Transco’s platform foreman), and Super Foods for personal injuries, and later joined Mount Hawley Insurance Company as Super Foods’ insurer. Home Insurance Company intervened for weekly compensation payments and medical expenses paid to plaintiff pursuant to its insurance policy for Universal Services under the Longshore and Harbor Workers’ Compensation Act. The intervenor apparently filed no appeal in this case.
Before trial plaintiff settled with Transco and Ernest Fruge, his employer and foreman, and they were dismissed from the suit. As a result of this settlement the trial and this appeal concern the plaintiff and Super Foods only.
At trial, the jury found Transco 50% negligent, Super Foods 10% negligent, plaintiff 40% negligent, and assessed damages at $281,493.59. Plaintiff’s wife was awarded $5,000 for loss of consortium. Based on the jury verdict, the court entered judgment for plaintiff for $28,149.36 against Super Foods for its 10% of the liability, with interest, and $5,000 for plaintiff’s wife.
Super Foods and its insurer moved for a judgment notwithstanding the verdict which the trial court granted, setting aside the jury verdict against Super Foods and its insurer and assessing all costs to plaintiffs. Plaintiffs appeal from this judgment.
APPLICABLE LAW
The Longshore and Harbor Workers’ Compensation Act, 29 C.F.R. 1918.85, is not applicable for establishing'a standard of *581 conduct in this case, as argued by plaintiffs, because a 48 or 60 quart ice chest is not the type of container contemplated by the Act. The ice chest in question was transported with 50 to 60 other 48 or 60 quart'ice chests in a steel container. The defendant was responsible for packing the ice chests and placing them in the steel container which was located on the dock. The steel container was then loaded onto the vessel by the stevedore and transported to the platform. The steel container is the container required by 29 C.F.R. 1918.85 to be labeled with its weight. 29 C.F.R. 1918.-85(e) states:
“(e) For the purpose of this section, the term ‘container’ means a reusable cargo container of rigid construction and rectangular configuration, intended to contain one or more articles of cargo or bulk commodities for shipment aboard a vessel, and capable of utilization for this purpose by one or more other modes of transport without intermediate reloading. The term includes completely enclosed units, open top units, half or other fractional height units, units incorporating liquid or gas tanks, and any other variations serving the same basic purpose and fitting into the container system, demountable or with attached wheels. The term, however, does not include cylinders, drums, crates, cases, cartons, packages, sacks, unitized loads or any other of the usual forms of packaging.” (Emphasis added)
We believe that an ice chest is not included within the term “container,” but is, rather, one of the “usual forms of packaging.”
Moreover, in Chavez v. Noble Drilling Corp., 567 F.2d 287 (5th Cir.1978), the court found, in a similar factual situation, that a grocery supplier had no duty to put a weight label on a box of groceries which allegedly weighed over 100 pounds. In Chavez, as in the case before us, the plaintiff injured his back when he lifted the unlabeled box. The court in Chavez found that the only duty owed by the grocery supplier to the plaintiff was to properly pack the groceries. The defendant grocery supplier in Chavez was held entitled to a summary judgment in its favor as a matter of law.
Therefore, since 29 C.F.R. 1918.85 was not applicable to plaintiffs case, the trial court did not err in not admitting it into evidence and in not instructing the jury as to its application. The sole suggestion of legal duty of reasonable care or standard of conduct applicable between Esprit and Super Foods, Inc. which plaintiffs make is their interpretation of this legislation. Under a duty-risk analysis we find no other basis for establishing legal duties or standards of conduct violated by Super Foods, Inc. which caused Esprit’s injuries. See discussion in Chavez. Consequently, the judgment notwithstanding the verdict was correct.
ASSIGNMENT 2
Since the plaintiff was not entitled, as a matter of law, to recover against Super Foods, Inc., it is not necessary to discuss the failure of the trial court to give the Chaney v. Brupbacher jury charge. By this holding we expressly do not pass on the question of whether or not the requested jury charge would have been applicable had Super Foods, Inc. been liable to plaintiffs.
DECREE
Accordingly, for the reasons assigned, the judgment of the trial court is affirmed.
AFFIRMED.