[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13862

Non-Argument Calendar

_____

REICHEN KUHL,
as owner of the 2002 28-foot Four Winns
280 Horizon motorboat, HIN
GFNCE005F102,

                                    Petitioner-Counter Defendant-Appellee,

*versus*

UNKNOWN CLAIMANT(S), et al.,


                                                      Defendants-Claimants,


SEVEN LXXVII, LLC,


                              Claimant-Counter Claimant-Third Party Plaintiff-Appellant,

SUNTEX MARINA INVESTORS, LLC,

Claimant-Third Party Defendant-Cross Defendant-Appellee,

RAHN MARINA LLC, BAHIA MAR SMI OPCO SERIES,

Third Party Defendant-Cross Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:21-cv-60408-BB

_____

Before WILSON, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

After trial, the facts of this maritime negligence and Limitation Act case are well known to the parties. We have a duty to separate out the arguments that Seven LXXVII, LLC made at trial and in its motion for reconsideration. We disregard the latter and only consider the former. Because our precedent establishes the relevant standard of care, we review only for clear error. There was no such error, and we affirm the lower court's verdicts on negligence and gross negligence. And while we review two other issues—the meaning of a Coast Guard regulation, and the

applicability of res ipsa loquitor—de novo, neither changes our analysis.

## I.

After taking on gasoline at a marina owned by Suntex Marina Investors, LLC, an explosion rocked Reichen Kuhl's 2002 powerboat about ten seconds after he started the engine—on the very morning he first put it into the water after buying it used. He and his passengers all exited safely, but the fiery vessel burned through its moorings and collided with the next ship in line at the fueling dock: the yacht "W." Kuhl petitioned the Southern District of Florida for limitation of (or exoneration from) liability, at which point Seven LXXVII, LLC ("Seven")—the owner of the W—filed claims against both Kuhl and Suntex.

Several claims and crossclaims were disposed of through settlement and the district court's pretrial orders, and are not appealed. Three claims went to a bench trial in the Southern District of Florida: 1) Kuhl's Limitation Act petition for exoneration from or limitation of liability, 2) a simple negligence claim against Kuhl by Seven, and 3) a gross negligence claim by Seven against Suntex.

Most relevant for this appeal is Seven's argument that Kuhl ran the exhaust blowers in his engine compartment for only two-and-a-half minutes, which was an unreasonably short amount of time. As for gross negligence, Seven argued that Suntex should have followed through on policies contained in its safe fueling and staff training manual to make Kuhl run his blowers for longer,

among other acts. But the district court disagreed. It limited Kuhl's liability to the value of the vessel ($0), and ruled against Seven regarding Kuhl's negligence and Suntex's gross negligence.

The district court weighed the parties' evidence on both sides before concluding that the blowers were run for an adequate amount of time. Seven focused on a Coast Guard regulation requiring that a placard be installed on every vessel with a gasoline engine and exhaust blowers—regardless of vessel size, age, or blower type and output—stating: "WARNING—GASOLINE VAPORS CAN EXPLODE. BEFORE STARTING ENGINE OPERATE BLOWER FOR 4 MINUTES AND CHECK ENGINE COMPARTMENT BILGE FOR GASOLINE VAPORS." 33 C.F.R. § 183.610(f)(3). In its proposed findings of fact, Seven described the contents of this placard as one of several "recommendations" on how long to operate a blower. Suntex's manual recommended that blowers be run for between three and five minutes—though its employees testified that in practice, they have conducted hundreds of successful refuelings without rigidly adhering to this guidance. The district court was most persuaded by testimony from Kuhl's fire safety expert that the new and powerful blowers installed on his vessel would have completely cleared the air in the engine compartment within one minute, so running them for any longer would have made no difference in this case.

Additionally, the district court noted that Seven offered insufficient evidence at trial about the cause of the explosion to satisfy the causation prong of negligence. As for gross negligence,

Seven had likewise failed to identify facts about Suntex's involvement that "alone or collectively contributed to the explosion and fire."  All of the parties' experts could not agree on a cause of the explosion, Kuhl's boat was a total loss, and Seven itself had presented alternate theories about causation that it no longer argues.  For example, it argued below that Kuhl's boat was unseaworthy, but has not renewed these assertions on appeal, instead suggesting that Kuhl's vessel was working properly. Because the cause of the accident was uncertain—and because Seven had not met its burden to show how the actions of Kuhl or Suntex contributed to it—the district court held that Kuhl was not negligent and that Suntex was not grossly negligent.  It also rejected Seven's res ipsa loquitor argument that the mere fact an explosion occurred meant Kuhl was negligent.

Seven moved for reconsideration under Federal Rule of Civil Procedure 59(e) and advanced several arguments for the first time, including two that it reiterates on appeal: 1) that the notice and comment history of the Coast Guard regulation from the 1970s includes the word "requirement" when discussing running the blowers for four minutes, and 2) that per se negligence was an alternate basis for ruling against Kuhl.  The district court denied the motion for reconsideration.  Seven appeals this denial, and the three adverse rulings at trial.

## II.

"We review a district court's factual findings when sitting without a jury in admiralty under the clearly erroneous standard."

*Venus Lines Agency, Inc. v. CVG Int'l Am., Inc.*, 234 F.3d 1225, 1228 (11th Cir. 2000).  A district court's conclusions of law are reviewed de novo.  *Id.*  In negligence suits, we have long held that questions "as to contributory negligence and as to proximate cause" are fact questions, as are determinations about whether a party has breached a duty owed to another.  *Safe Harbor Enters., Inc. v. Hill*, 301 F.2d 139, 139 (5th Cir. 1962); *Chavez v. Noble Drilling Corp.*, 567 F.2d 287, 289 (5th Cir. 1978).[1]

### III.

Both the district court's decision on limitation and Seven's claims against Kuhl stand or fall with its determination that he was not negligent.  *See Hercules Carriers, Inc. v. Claimant State of Florida, Dep't of Transp.*, 768 F.2d 1558, 1563–64 (11th Cir. 1985) (claimant bears the burden of proving shipowner's negligence for Limitation Act purposes).  But before addressing the merits of Seven's arguments about negligence, we explain two types of arguments that we will not consider.

*First,* while Seven's briefs do not distinguish between arguments made at trial and those raised for the first time in its reconsideration motion, it is vital that we do.  It is too late to introduce new legal arguments in a reconsideration motion if they could have been raised earlier.  *See, e.g., Arthur v. King*, 500 F.3d

---

[1] *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

1335, 1343 (11th Cir. 2007); *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005).   Seven first argued that negligence per se (the so-called *"Pennsylvania* Rule") should apply on reconsideration.   And Seven's motion also recharacterized the Coast Guard regulation as a substantive requirement (based on its notice and comment history) that Kuhl run his blowers for at least four minutes rather than a recommendation.   Seven could have made both of these arguments at trial and chose not to, so we disregard them.   And because Seven advances no arguments that the district court erred in denying its reconsideration motion, those claims are abandoned.  *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681–82 (11th Cir. 2014).

*Second*, most of Seven's brief asks us to diminish the weight that the district court placed on testimony from Kuhl's fire-safety expert.   But disputing how much to weigh evidence is a "garden-variety abuse of discretion argument."  *Fynn v. U.S. Att'y Gen.*, 752 F.3d 1250, 1252 (11th Cir. 2014) (quotation omitted).   The district court's decision to weigh one piece of evidence above others is not clear error.  *Anderson v. City of Bessemer City*, 470 U.S. 564, 573–74 (1985).

That leaves only a few arguments for us to review—and none can defeat the district court's ultimate determinations that Kuhl was not negligent and that Suntex was not grossly negligent.

*First,* Seven argues that we review the relevant standard of care in a negligence case de novo, and that we should apply a heightened standard to Kuhl.   Seven is correct that our review of

the appropriate standard of care for a shipowner's conduct is not bound by clear error review. *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1321 (11th Cir. 1989). But it is clear from our precedent that the proper standard is "ordinary reasonable care under the circumstances." *Id.* at 1322; *see also Fischer v. S/Y NERAIDA*, 508 F.3d 586, 594–95 (11th Cir. 2007). There is no indication that the district court deviated from this standard when weighing the evidence to determine what behavior could have amounted to a breach of a duty given the circumstances here.[2]

*Second,* because we review a court's interpretation of regulations de novo, Seven asks that we revisit the district court's reading of the Coast Guard regulation. *See Freixa v. Prestige Cruise Servs., LLC*, 853 F.3d 1344, 1346 (11th Cir. 2017). But we agree with the district court—and Seven's proposed findings of fact—that the regulation requires owners to *install* the placard. Nothing in the text mandates that operators actually follow the contents of the placard in every instance that they start the engine. And the same warning must be affixed regardless of the air flow capacity of the blowers. *See* 33 C.F.R. § 183.610(b), (f).

---

[2] Seven also argues that, under Florida law, negligence is a question of law subject to de novo review when there are no disputed facts and the evidence "ultimately leads to but one conclusion." *See Cooper Hotel Servs., Inc. v. MacFarland*, 662 So. 2d 710, 712 (Fla. Dist. Ct. App. 1995). We think the uncertainty surrounding the cause of the accident here is enough to suggest that a genuine dispute of material fact exists.

22-13862                Opinion of the Court                9

Of course, the contents of the placard are evidence that a court should consider when assessing the factual question of how long a reasonable operator in Kuhl's position would have run his blowers. But the district court did that here. Rather than this general regulation, it was more persuaded by evidence about the *specific* blowers installed on Kuhl's vessel (which could clear the air in about a minute according to expert testimony) when assessing whether Kuhl acted reasonably in the circumstances. Though we can review what the regulation means, we cannot review the weight that the district court placed on it except for clear error. There was no such error here.

The district court also correctly refused to apply the doctrine of res ipsa loquitor. Even if we applied this doctrine, here it only aids "a plaintiff in proving a breach of duty." *Tesoriero v. Carnival Corp.*, 965 F.3d 1170, 1182 (11th Cir. 2020) (quotation omitted). It cannot establish that "a breach of that duty was a substantial factor in causing plaintiff harm." *Id.* (quotation omitted). And in our Circuit, it "is well-settled that the mere occurrence of a mishap does not prove that the mishap resulted from tortious conduct." *Ins. Co. of the W. v. Island Dream Homes, Inc.*, 679 F.3d 1295, 1299 (11th Cir. 2012) (quotation omitted). Instead, "the plaintiff bears the burden of proving that the defendant's negligence more likely than not caused the injury." *Aycock v. R.J. Reynolds Tobacco Co.*, 769 F.3d 1063, 1069 (11th Cir. 2014). In the admiralty context, res ipsa loquitor does not relieve Seven from that burden—specifically, that "the acts of negligence" were "a contributory and proximate cause of the accident." *See Hercules Carriers,* 768 F.2d at 1566. And there

is still no factual consensus on what caused the explosion.[3]  Once again, this inquiry collapses into assessing whether Seven presented enough facts for the district court to rule that it had met its burden—this time on causation.  The court did not clearly err by acknowledging that it had not.

The gross negligence arguments regarding Suntex run afoul of these same causation problems.  Because Seven did not present enough evidence to show that any amount of blower usage would have prevented an explosion, there is no evidence that Suntex's practices deviating from its manual proximately caused the explosion, either.  Regardless, a party's "failure to apply certain safety standards" alone does not constitute gross negligence.  *See Flood v. Young Woman's Christian Ass'n of Brunswick, Georgia, Inc.*, 398 F.3d 1261, 1266 (11th Cir. 2005).[4]  The district court did not clearly err in concluding that Suntex's practices did not create gross negligence in this instance.

---

[3] Seven often discusses a similarly located explosion on Kuhl's boat when it was owned by someone else.  But correlation does not equal causation.  And the two instances are not even comparable.  The previous owner identified and replaced the defective part, and never had issues with the vessel again.  And the old owner installed the new blowers that Kuhl used after this accident.

[4] To the extent that Seven bases its gross negligence claim on Suntex's employees' decision not to fight the fire and to await the fire department, that practice was *consistent* with Suntex's manual, which encouraged prompt evacuation at the "slightest doubt about your ability to fight a fire."  And Seven's own boating safety expert did not testify that there was any statute, rule, or regulation requiring Kuhl or Suntex staff to fight the fire themselves.

In sum, most of Seven's arguments are attempts to avoid the natural result of our clear-error review. But none succeed, and Seven has identified no clear error. We have no basis to disturb the district court's conclusions that Suntex was not grossly negligent, and that Kuhl was not negligent, which defeated Seven's claims and entitled Kuhl to limitation of liability in any event.

★    ★    ★

We **AFFIRM** the district court's trial judgment.