413 So.2d 1360 (1982)
HARTFORD FIRE INSURANCE CO. et al
v.
STATE of Louisiana, DEPARTMENT OF HEALTH & HUMAN RESOURCES, et al.
No. 14662.
Court of Appeal of Louisiana, First Circuit.
May 4, 1982.
Robert D. Hoover, Baton Rouge, for plaintiffs-appellants Hartford Fire Ins. Co. and Hi Nabor Supermarket, Inc.
Steven L. Mayer, Staff Atty., Dept. of Health and Human Resources, Baton Rouge, for defendant-appellee State of La., Dept. of Health and Human Resources.
Before LEAR, CARTER and CHIASSON, JJ.
CARTER, Judge.
This is an appeal from a summary judgment granted in favor of the defendant, the State of Louisiana. Appellants, Hartford Fire Insurance Company (Hartford) and its insured, Hi-Nabor Supermarket, Inc. (Hi-Nabor) filed suit against the State of Louisiana, through the Department of Health and Human Resources (DHHR) and against Mr. and Mrs. Herschel Palmer, seeking recovery for damages to the Hi-Nabor building and its contents caused by a fire which occurred on September 8, 1979. Hartford and Hi-Nabor alleged in their original petition that the fire was caused by the negligent or intentional acts of William Abercrombie or by a combination of negligent and intentional acts. They prayed for judgment in solido against the State of Louisiana and the Palmers.
Appellants later filed an amended petition which acknowledged that a release order had been issued by the 18th Judicial District Court for the Parish of West Baton Rouge on August 7, 1979, paroling Abercrombie from the custody of the Department of Corrections into the care and custody of Mr. and Mrs. Herschel Palmer, under the supervision of a State Juvenile Probation and Parole Agent, for an indefinite period of time. This petition alleged that the agent acting for and on behalf of the State of Louisiana breached a duty owed the plaintiffs to supervise the activities of the minor child, which breach resulted in the loss complained of.
DHHR filed a peremptory exception of no cause of action with an alternative motion for summary judgment. In support of *1361 the motion for summary judgment, DHHR submitted the deposition of Bernice Jones, who stated that she was the State juvenile probation and parole agent for William Abercrombie and that he had been paroled into the care and custody of the Palmers on August 7, 1979, and had remained with the Palmers until February 7, 1980. Thus, he was in the Palmers' custody on the day of the fire. She further deposed that there was no contractual relationship between the State of Louisiana and the Palmers at the time of the fire. The release order was also submitted.
The trial court granted defendant DHHR's motion for summary judgment stating in oral reasons for judgment that the State did not have custody of Abercrombie. The plaintiffs then perfected this appeal against DHHR.[1]
The summary judgment was properly granted. A motion for summary judgment may be granted only in cases where there are no genuine issues of material fact and the mover is entitled to judgment as a matter of law. Duvalle v. Lake Kenilworth, Inc., 396 So.2d 1268 (La.1981); Lee v. Allstate Ins. Company, 402 So.2d 181 (La.App. 1st Cir. 1981); White v. Baker Manor Nursing Home, Inc., 400 So.2d 1168 (La.App. 1st Cir. 1981), writ denied, 403 So.2d 68 (La.1981); Emp. Surplus Line Ins. v. City of Baton Rouge, 362 So.2d 561 (La. 1978). The party moving for summary judgment has the burden of showing the absence of any genuine issues of material fact. (Id.)
The affidavit and release order submitted by defendant showed that Abercrombie was no longer in the State's custody. Plaintiff filed no counter affidavits in opposition to the motion. There were no genuine issues of material fact. The facts clearly reveal that the State no longer had custody.
The amended petition alleges only that the parole agent breached a duty owed to plaintiffs to supervise the activities of Abercrombie. There are no facts to support this allegation, and a remand to allow plaintiffs to amend the petition to allege facts would be a useless act.
In Graham v. State, Health & Social, etc. 354 So.2d 602 (La.App. 1st Cir. 1977), a twelve year old boy was severely injured in a knife attack by an escaped mental patient one day after the escape, in a city more than one hundred miles away from the mental institution. This court outlined the proper analysis to be followed. It said:
"In Dixie Drive It Yourself System New Orleans Co., Inc. v. American Beverage Company, 242 La. 471, 137 So.2d 298 (1962), our Supreme Court adopted the duty/risk analysis for determining tort liability which involves the following inquiries: (1) Was defendant's actions a cause-in-fact of plaintiff's injurywas it a substantial factor in bringing about the harm; (2) Do the risk and harm encountered by plaintiff fall within the protection of a legal duty owed to plaintiff by defendant; (3) Was defendant negligent i.e., did defendant breach the duty owed plaintiff; and (4) Was plaintiff damaged by defendant's conduct. See also Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (1972). For plaintiff to recover, all four inquiries must be answered in the affirmative."
The court then pretermitted consideration of the inquiries on cause-in-fact, negligence, and resulting damage because it found that the trial court correctly held that the State was not under a duty to protect the plaintiff against the risk encountered there. It found that the attack was so unforeseeable and unpredictable that to hold the attack within the risk of harm sought to be protected against would pose total, unqualified liability on the State, regardless of the circumstances. Recognizing that its decision was a matter of policy, the court refused to extend the liability that far.
We cannot impose on a parole agent the responsibility for a parolee's activities and whereabouts twenty-four hours a day. *1362 To do so would be tantamount to imposing strict liability on the State. We find as a matter of law that the duty of a parole agent to supervise the activities of a juvenile parolee who is under the legal custody of another does not include the duty to protect plaintiffs from the harm caused here (fire damage to a store), albeit an affirmative showing of negligence and proximate cause.
For the above reasons, the judgment of the District Court is affirmed. Costs are assessed to appellant.
AFFIRMED.
NOTES
[1] The record indicates that a preliminary default was taken against the Palmers on April 14, 1981. The question of their liability is not at issue here.