635 So.2d 219 (1994)
Bernadette FONTENOT, et al.
v.
Cleveland P.Z. FONTENOT, et al.
No. 93-C-2479.
Supreme Court of Louisiana.
April 11, 1994.
*220 John C. Fontenot, Ville Platte, counsel for applicant.
Lionel H. Sutton, III, Patrick A. Juneau, Jr., Juneau, Judice, Hill & Adley, Lafayette, for respondent.
KIMBALL, Justice.[*]
On January 4, 1991, Bernadette Fontenot fell and sustained various injuries after slipping on a small piece of firewood left on the carport at the bottom of the steps leading out of her in-laws' home. Bernadette and her husband, Elwood, filed suit against defendant homeowners and their insurance carrier, National Union Fire Insurance Company, alleging either negligence or strict liability on the part of the defendant homeowners for the injuries and damage sustained by plaintiffs. After trial on the merits, the trial court held: (1) strict liability was inapplicable because the piece of firewood that caused plaintiff to slip and fall did not constitute an inherent defect in the premises; and (2) negligence had not been proven because plaintiffs failed to show that defendants reasonably knew or should have known of the defect on the premises. On appeal by plaintiffs, the third circuit court of appeal affirmed.[1] We granted writs[2] to review the correctness of that decision and, for the reasons which follow, now reverse.

FACTS
Plaintiffs Bernadette and Elwood Fontenot live next door to Elwood's parents, defendants Ella Ruth and Cleveland P.Z. Fontenot (hereinafter "Fontenots"). At approximately 8:00 a.m. on January 4, 1991, Bernadette Fontenot brought her child, Lacy, to her in-laws' home so that Ella Ruth Fontenot could babysit Lacy while Bernadette and Elwood ran some errands. When Bernadette and Lacy arrived at the Fontenots' home, they entered through the carport, ascending the steps which lead from the carport to the side entrance of the Fontenots' home. After leaving *221 Lacy with her grandmother, Bernadette left, exiting the house by proceeding down the steps and through the carport. Around noontime, Bernadette returned to her in-laws' home to retrieve Lacy, again entering through the carport. Bernadette and her mother-in-law, Ella Ruth Fontenot, visited for approximately thirty to sixty minutes, during which time Ella Ruth went out to the carport to get a few pieces of firewood to put in the Fontenots' wood burning heater. The firewood was stacked in a "tepee" formation next to the steps leading down to the carport. At the end of their visit, Bernadette picked up Lacy and, carrying the child on her left hip, proceeded to descend the steps to the carport while Ella Ruth held the door for her. Still talking to Ella Ruth as she left, Bernadette descended the steps facing sideways, placing her left foot on a step, then placing her right foot on the same step next to her left foot. Though Bernadette testified that she was watching where she was going, her view was admittedly blocked by the child on her left hip. While stepping down from the last step to the carport, Bernadette stepped on a small log.[3] The log rolled from under her foot, causing Bernadette to fall on the cement carport in a sitting position, still holding on to Lacy. Lacy hit her head, but soon got up and ran towards home, uninjured. Bernadette, however, asserts that she sustained several injuries as a result of the fall, including back and neck injuries, an injured tailbone (possibly cracked), and persistent headaches. At the time of trial of the matter, Bernadette had incurred over $12,000.00 in medical expenses.
On appeal, plaintiffs argue that the lower courts erred in not finding the Fontenots and their insurer liable to plaintiffs for the injuries sustained by Bernadette and the damages occasioned thereby on the basis of either strict liability or negligence.

LAW
Under Louisiana law, liability for injuries sustained by one on the premises of another may be based on either strict liability or negligence. In an action asserting strict liability under La.C.C. art. 2317,[4] the plaintiff bears the burden of proving: (1) the thing which caused damages was in the care, custody and control of the defendant; (2) the thing had a vice or defect which created an unreasonable risk of harm; and (3) the injuries and/or damage were caused by the vice or defect. Sistler v. Liberty Mutual Insurance Co., 558 So.2d 1106 (La.1990). The plaintiff asserting a claim against a premises owner based on negligence, or liability under La.C.C. art. 2315,[5]where the sole basis alleged for holding the owner liable is his relation to the property, has the same burden, plus the additional burden of proving defendant's scienter, i.e., that defendant "knew or should have known" of the defect. Id. at 1112 n. 7; see also Kent v. Gulf States Utilities Co., 418 So.2d 493 (La.1982).
In the instant case, the lower courts held that strict liability was not applicable because no evidence was adduced at trial to indicate that the steps or the carport, by and of themselves, were inherently defective. After reviewing the record, we agree. Plaintiffs also alleged liability on the basis of negligence, under La.C.C. art. 2315. The lower courts held that plaintiffs had "failed to prove by a preponderance of the evidence that the defendants reasonably knew or should have known of the defect on the premises."[6] We disagree. Because plaintiffs proved by a preponderance of the evidence that the log was at the bottom of the steps as a direct result of defendant Ella Ruth Fontenot's actions, there was no need for the lower courts to engage in an analysis *222 of whether defendant homeowners could be held liable as the premises owners. Instead, once plaintiffs proved that Ella Ruth Fontenot's actions were a cause in fact[7] of Bernadette's injuries, the lower courts should have utilized the remainder of the duty-risk analysis to determine whether liability on the part of defendants for plaintiffs' injuries and damage existed.[8]See, e.g., St. Hill v. Tabor, 542 So.2d 499, 501 (La.1989).
In the instant case, Bernadette testified that she had traversed the stairs on the morning of the accident when dropping Lacy off, leaving, and then later returning to retrieve Lacy. Bernadette testified that the log which she later stepped on was not in front of the stairs on any of those occasions, though she further testified that she did notice the tepee stack of firewood next to the stairs. Bernadette and Ella Ruth both testified that while they were visiting after Bernadette returned to retrieve Lacy, Ella Ruth went out to the carport to get some firewood for the heater. Ella Ruth testified that she didn't remember dropping any wood when she went out to retrieve wood for the heater. Bernadette and Ella Ruth both testified that Bernadette fell after stepping on the log.
While plaintiff has the burden of proving causation by a preponderance of the evidence, it is only necessary that the evidence show it is more probable than not that the harm was caused by the tortious conduct of the defendant. Townsend v. State Dept. of Highways, 322 So.2d 139, 141 (La.1975). This burden of proof may be satisfied by direct or circumstantial evidence. Id. Circumstantial evidence will suffice if it excludes other reasonable hypotheses with a fair amount of certainty so that it is more probable than not that the harm was caused by the tortious conduct of the defendant. Id.; see also Latham v. Aetna Casualty & Surety Co., 377 So.2d 350 (La.1979). Here, Bernadette testified that the log which caused her to fall was not in her path when she returned to the Fontenots to retrieve Lacy. Ella Ruth thereafter went out to retrieve firewood from the tepee stack near the stairs. When Bernadette left the house a short time later, the log was in her path on the carport at the base of the stairs. Bernadette stepped on the log and fell.
Plaintiffs, therefore, have shown through circumstantial evidence that it is more probable than not that the plaintiffs' injuries and damage were caused by the tortious conduct of Ella Ruth Fontenot. Simply stated, there is no other reasonable hypothesis which would explain the presence of the log at the bottom of the steps but that Ella Ruth dropped it or dislodged it from the stack while retrieving firewood. Bernadette's testimony that the log was not present at the base of the steps when she returned to retrieve Lacy was unrebutted. Therefore, we find that plaintiffs have carried their burden of proving that defendant Ella Ruth Fontenot's conduct was a cause in fact of Bernadette's injuries.
In attempting to determine whether liability exists under the particular facts of a given case, a duty-risk analysis should be employed. Fox v. Board of Supervisors of Louisiana State University, 576 So.2d 978 (La.1991); Mart v. Hill, 505 So.2d 1120 (La. 1987); Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (1972). This Court has explained what a plaintiff must establish for liability based on negligence to attach as follows:

*223 (1) The conduct in question was a cause in fact of the resultant harm;
(2) The defendant owed a duty to plaintiff;
(3) The duty owed was breached; and
(4) The risk or harm caused was within the scope of the breached duty.
Spott v. Otis Elevator Co., 601 So.2d 1355, 1361-62 (La.1992) (citing Fox, 576 So.2d at 981).
As explained, supra, we find that plaintiffs proved at trial that defendant Ella Ruth Fontenot was a cause in fact of the injuries and damage sustained by plaintiffs, in that she is the actor who caused the log to be placed at the base of the steps (albeit accidentally). Clearly, defendant Ella Ruth Fontenot owed a duty to plaintiff, as well as anyone else using the steps, not to place a log at the bottom of a set of steps, where it was likely to be stepped on by someone using the steps and cause that person to fall and sustain injuries. Ella Ruth breached this duty when she went out to get firewood and either caused the log to become dislodged from the tepee stack or dropped the log on the carport, and it wound up at the base of the steps. Therefore, all that remains is to determine whether the risk, and the harm caused, were within the scope of the protection afforded by the duty breached. We find that the particular risk, that one using the steps as a path of ingress or egress to or from defendants' home would step on the log, fall, and sustain injuries, was clearly within the scope of the duty. There is an ease of association between the duty not to place objects, such as a log, in the path of pedestrian travel at the base of a set of steps and the risk that one who is traversing the stairs will step on the log, fall down, and sustain injuries. Hill, 256 So.2d at 622. As such, use of the duty-risk analysis shows that under the particular facts of this case, liability for the injuries and damage sustained by plaintiffs should be imposed on defendants.
Because the lower courts erroneously determined that plaintiffs could not recover under either theory of liability alleged, they did not consider the questions of comparative fault, if any, and damages. We therefore remand to the trial court for a determination of these issues.
REVERSED AND REMANDED.
NOTES
[*] Pursuant to Rule IV, Part 2, § 3, Marcus, J. was not on the panel which heard and decided this case.

Judge Charles A. Marvin, Chief Judge, Court of Appeal, Second Circuit, sitting in place of Justice James L. Dennis.
[1] Fontenot v. Fontenot, 621 So.2d 843 (La.App. 3rd Cir.1993).
[2] 629 So.2d 1155 (La.1993).
[3] Testimony showed that the log was approximately 1" to 1½" in diameter and 12" to 18" inches long.
[4] La.C.C. art. 2317 states, in pertinent part:

We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody.
[5] La.C.C. art. 2315 states, in pertinent part:

Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.
[6] Fontenot v. Fontenot, 621 So.2d 843, 845 (La. App. 3d Cir.1993).
[7] "Negligent conduct is a cause-in-fact of harm to another if it was a substantial factor in bringing about that harm." Dixie Drive It Yourself Sys. v. American Beverage Co., 242 La. 471, 482, 137 So.2d 298, 302 (1962).
[8] We note that neither of the lower courts made a factual finding regarding the manner by which the log came to be located at the bottom of the steps. Had the lower courts endeavored to make such a finding, as we have done, infra, they would have realized that under the facts of this case, there is no need to engage in an analysis of whether defendants may be held liable as premises owners for the unreasonable risk of harm which existed on their property. Where plaintiffs prove that a defendant is the actor directly responsible for the creation of an unreasonable risk of harm which causes injury, regardless of the location, that defendant may, depending on the results of a duty-risk analysis, be held liable as the tortfeasor. The scienter requirement only applies when the plaintiff seeks recovery of damages against a premises owner on the basis of a premises hazard created by a third party.