IzWHIPPLE, Judge.
This is an appeal by plaintiffs, Pamela Russell Harris and Jamie Mascarella, from a judgment of the trial court granting summary judgment in favor of the State of Louisiana, through the Department of Public Safety and Corrections (the DPSC). For the following reasons, we reverse.
FACTS AND PROCEDURAL HISTORY
This case involves an accidental shooting. At the time of the accident, Jeremy Wendt, then age fifteen, was in the legal custody of the DPSC.[1] By judgment of the Family Court of the Parish of East Baton Rouge dated July 5,1989, Jeremy was found to be a child in need of supervision and was committed to the custody of the DPSC, Division of Youth Services, for care and treatment for a period not to exceed his eighteenth birthday. Upon being placed in the custody of the DPSC, Jeremy was admitted to the Joy Home for Boys in Shreveport, Louisiana.
However, on September 15, 1989, Jeremy was removed from the Joy Home at the request of the home director, because of disruptive behavior, drug and alcohol abuse and inability to conform to rules. At that point, Jeremy was returned to the home of his grandmother, Ann Stimac, by a Youth Services Division officer, because no other group facility was available to which Jeremy could be assigned.
On Wednesday, March 14, 1990, a day when Jeremy should have been in school, Jeremy, Jamie Mascarella and Jason Day were watching television at Ann Stimac’s home. Ann Stimac was not at home at the time, having left Jeremy earlier that morning when she went to work. While the boys were watching television, Jeremy retrieved a shotgun, which had been given to him by his brother, from his bedroom. He returned to the living room with the shotgun, and while he was holding the gun, it accidently discharged, striking Jamie Mascarella in the face.
As a result of the shooting, Pamela Harris filed suit 1 individually and on behalf of her minor son, Jamie Mascarella.[2] Named as defendants were Jeremy Wendt; Ann Sti-mac; Cassandra Stimac, Jeremy’s mother; Safeco Insurance Company, Ann Stimac’s homeowner’s insurer; and the DPSC.[3]
Thereafter, the DPSC filed a motion for summary judgment. The trial court granted the DPSC’s motion for summary judgment, stating in oral reasons that “the State is not the liability insurer for the safety of all of its citizens.” From this judgment, plaintiffs appeal.
The various theories for recovery set forth by plaintiffs herein against the DPSC are: (1) strict liability for the negligence of Jeremy; (2) independent negligence on the part of the DPSC; and (3) vicarious liability for *17 the negligence of Ann Stimac, in whose care the DPSC placed Jeremy. Thus, in considering the propriety of the trial court’s grant of summary judgment herein, our initial inquiry must be whether, under any of these theories of liability, the DPSC owed a duty to plaintiffs for the breach of which the DPSC may be found legally responsible. Because we find that a genuine issue of material fact exists as to whether the State was independently negligent in failing to properly supervise and place Jeremy after adjudication as a child in need of supervision and commitment to the State’s custody, we must conclude that summary judgment is inappropriate herein. Accordingly, we reverse and remand.
DISCUSSION
Generally, a motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits show there is no genuine issue as to a material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966; Thompson v. \ ¿South Central Bell Telephone Company, 411 So.2d 26, 27 (La.1982). The burden is upon the mover for summary judgment to show that no genuine issue of material fact exists, and only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law is summary judgment warranted. Robertson v. Our Lady of Lake Regional Medical Center, 574 So.2d 381, 384 (La.App. 1st Cir.1990), unit denied, 573 So.2d 1136 (La.1991).
Summary judgments are not favored, and any reasonable doubt should be resolved against the mover. In determining whether all material issues have in fact been disposed of, any reasonable doubt is to be resolved against the granting of summary judgment and in favor of trial on the merits. Penalber v. Blount, 550 So.2d 577, 583 (La. 1989); Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772, 775 (La.1980). Because it is the applicable substantive law that determines materiality, whether or not a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Duncan v. Balcor Property Management, 615 So.2d 985, 988 (La.App. 1st Cir.), writ denied, 617 So.2d 936 (La. 1993).
Appellate courts review summary judgments de novo, using the same criteria applied by the trial courts in determining whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991).
Liability of DPSC under a negligence theory must be premised on DPSC owing a duty which extended protection to the plaintiffs herein. The existence of a duty is a question of law. Harris v. Pizza Hut of Louisiana, 455 So.2d 1364, 1371 (La.1984).
At the time that Jeremy was placed in the custody of DPSC, Louisiana Code of Juvenile Procedure article 84 provided as follows:
In a case in which a child has been adjudicated to be in need of supervision, the court may:
(1) Place the child in the custody of a parent or other suitable person on such terms and conditions as deemed in the best interest of the child and the public;
(2) Place the child on probation on such terms and |sconditions as deemed in the best interest of the child and the public;
(3) Assign the child to the custody of a private or public institution or agency;
(4) Commit a child found to be mentally defective to a public or private mental institution or an institution for the mentally defective;
(5) Make such other disposition or combination of the above dispositions as the court deems to be in the best interest of the child; or
(6) Commit the child to the Department of Public Safety and Corrections for care and treatment... .[4]
(Emphasis added.)
Former Code of Juvenile Procedure article 86(A) further ordered that “[t]he court *18 should impose the least restrictive disposition which the court finds is consistent with the circumstances of the case, the needs of the child, and the best interest of society” and “shall not remove a child from the custody of his parents unless his welfare or the safety and protection of the public cannot, in the opinion of the court, be adequately safeguarded without such removal.” (Emphasis added.)
When a child adjudicated to be in need of supervision is committed to DPSC for care and treatment, “[t]he Department of Public Safety and Corrections [has] the sole custody of a child committed to the department under this Chapter” and is required to “determine the placement, care, and treatment of the child, and the expenditures to be made therefor.” LSA-C.J.P. art. 86(G) (repealed).[5]
Once a child is placed in the legal custody of the Department, DPSC is statutorily responsible for the care, treatment, supervision and rehabilitation of the child. LSA-R.S. 15:901. Louisiana Revised Statute 46:1905 also addresses the powers and duties of DPSC with regard to children in need of supervision and provides that, in addition to other duties and functions, DPSC |6shall:
(1) Collect and evaluate data relating to the delinquency of children and the effectiveness of programs designed to prevent or reduce delinquency.
(2) To the extent that diversion from the juvenile justice system can be accomplished, with due regard to the safety of the community and the well-being of the children involved, encourage and assist in the development and conduct of innovative programs and provide needed care and services to such children outside such system to prevent children from becoming a part of or returning to such system by:
(a) Developing informational materials and standards relating to such programs, and
(b) Cooperating with and assisting other public and private agencies and organizations in the development and coordination of such programs, especially those which are community based.
LSA-R.S. 46:1905.
As set forth in LSA-R.S. 46:1903, the purpose of these provisions dealing with youth services to be provided by the State is: to preserve the unity of the family to the fullest extent possible; to prevent children from becoming delinquent; and to prevent children and the public from suffering the consequences of criminal behavior by substituting therefor programs for their supervision, care and rehabilitation, consistent with public interest and safety.
Clearly, these provisions were intended to provide the child with the guidance and supervision which he was otherwise not receiving. Considering all of these provisions, we find that a genuine issue of material fact exists as to whether the DPSC breached the statutory duty imposed upon the DPSC to care for, provide treatment for and supervise Jeremy Wendt, as a child in need of supervision placed in its custody for which liability can be imposed for the resulting injuries to Jamie Mascarella.[6] See Opelousas Scrap Materials, Inc. v. State, Division of Evaluation & Services, Foster Homes Program, 525 So.2d 1144, 1147-1148 (La.App. 3rd Cir.1988).
Negligence is a question of fact. Booty v. Kentwood Manor Nursing Home, Inc., 483 So.2d 634, 639 (La.App. 1st Cir.1985), writ denied, 486 So.2d 754 (La.1986). *19 Because the record contains conflicting evidence regarding the supervision, or lack thereof, provided by the DPSC once Jeremy was placed in his grandmother’s home, the factual determination of whether the DPSC negligently breached its duty to exercise reasonable care in the supervision and placement of Jeremy Wendt, precludes summaiy judgment herein. Thus, we reverse, preter-mitting discussion of the remaining arguments raised by plaintiffs. By our decision this date, we express no opinion as to the merits of plaintiffs’ claim, under a duty-risk analysis and the principles of foreseeability and reasonableness encompassed therein. We merely hold that, on the record before us, defendants are not entitled to judgment in their favor as a matter of law.
CONCLUSION
For the foregoing reasons, the August 23, 1993 judgment of the trial court granting the motion for summary judgment of the State of Louisiana, through the Department of Public Safety and Corrections, and dismissing plaintiffs’ claims against this defendant, is reversed. We remand to the trial court for further proceedings consistent with the views expressed herein.
Costs of this appeal, in the amount of $348.19, are assessed against the State of Louisiana, through the Department of Public Safety and Corrections.
REVERSED AND REMANDED.
FOIL, J., dissents and assigns reasons.
GONZALES, J., dissents for the reasons assigned by FOIL, J., and assigns additional reasons.

. Although the original petition listed his name as "Jeremy Stimac,” plaintiffs' amending petition properly lists Jeremy's name as "Jeremy Wendt.”

. After the filing of the original petition, Jamie Mascarella reached the age of majority and was named as plaintiff herein.

.This matter was subsequently consolidated with suit number 393,332, entitled "Safeco Insurance Company of America versus Pamela R. Harris, Individually and on Behalf of Jamie Mas-carella and the State of Louisiana through the Department of Public Safety and Corrections,” a concursus proceeding, also on the docket of the 19th Judicial District Court.

. Louisiana Code of Juvenile Procedure article 84, which was repealed by Acts 1991, No. 235, § 17, effective January 1, 1992, was replaced by Children’s Code article 792.53.

. Code of Juvenile Procedure article 86, also repealed by Acts 1991, No. 235, § 17, effective January 1, 1992, was replaced by Children's Code article 792.54.

. In arguing that this court should find no liability on its part, the DPSC cites this court's opinion in Hartford Fire Insurance Co. v. State, Department of Health & Human Resources, 413 So.2d 1360 (La.App. 1st Cir.1982). In Hartford, this court specifically held:
We find as a matter of law that the duty of a parole agent to supervise the activities of a juvenile parolee who is under the legal custody of another does not include the duty to protect plaintiffs from the harm caused here (fire damage to a store), albeit an affirmative showing of negligence and proximate cause.
Hartford, 413 So.2d at 1362. (Emphasis added.) Because Jeremy was under the legal custody of the DPSC in the instant case, we find that the principles enunciated in Hartford are not applicable here.