| iGONZALES, Judge,
dissenting.
|2The majority opinion, I believe, correctly rejects a theory of vicarious liability under La.C.C. art. 2318, as was done in Opelousas Scrap Materials v. State, 525 So.2d 1144 (La.App. 3rd Cir.1988).
The majority opinion is based on a finding of a cause of action for independent negligence on the part of the State, in failing to properly supervise, and secondly, for failing to properly place Jeremy Stimac. In order *20 to have negligently placed Jeremy Stimac, the State would have to have known that Ann Stimac would be a careless custodian, or have just placed Jeremy in her care without any regard as to whether she would be a good custodian or not. Nowhere is it alleged by the plaintiffs that the placing of Jeremy was negligent. The parties don’t genuinely contend that the placing of Jeremy was negligently done, so there should be no factual dispute on this issue.
Further, I disagree with the majority opinion on the negligent supervision issue, in finding that the State retains a duty of hands-on care when the juvenile is placed under the supervision of a third party. The only way to impose such a duty to supervise the supervisor is to impose vicarious liability, which was rejected in Opelousas, Hartford v. State, 413 So.2d 1360 (La.App. 1st Cir.1982); and Graham v. State, 354 So.2d 602 (La.App. 1st Cir.1977).
I fail to see a distinction between the placing of a juvenile, under the juvenile code, into the custody of Ann Stimac and the act of paroling a parolee into the custody of the Palmers in the Hartford case. The placing in custody in each case establishes the exact same relationship. I find this case indistinguishable from Hartford. Since I believe that Hartford is the law of this circuit and is controlling and not distinguishable, it would require an en banc hearing in order to overrule Hartford.
The plaintiffs have alleged a custodial parent theory against Ann Stimac and have settled and collected $100,000 from Ann Stimac and her insurer stating in their petition “[a]s ... custodial parent of Jeremy Stimac, Ann Stimac is vicariously liable.” That relationship of custodial parent is actually the same as the Palmers’ with the |-¡parolee in Hartford. As stated in Hartford “the [incident] was so unforeseeable and unpredictable that to hold the [incident] within the risk of harm sought to be protected against would pose total, unqualified liability on the State, regardless of the circumstances.” 413 So.2d at 1361. I believe that this court should follow its previous ruling in Hartford and affirm the motion for summary judgment which was granted by the trial court.
Otherwise the plaintiff has won his case against Ann Stimac and her insurer on a custodial theory and is now proceeding on an inconsistent theory that the juvenile was in the legal custody of the State and not that of Ann Stimac. In Hartford, Judge Carter said “We cannot impose on a parole agent the responsibility for a parolee’s activities and whereabouts twenty-four hours a day. To do so would be tantamount to imposing strict liability on the State. We find as a matter of law that the duty of a parole agent to supervise the activities of a juvenile parolee who is under the legal custody of another does not include the duty to protect plaintiffs from the harm caused here (fire damage to a store), albeit an affirmative showing of negligence and proximate cause.” 413 So.2d at 1362. I believe the action of the State in placing Jeremy with Ann Stimac put him in the same legal custody position as the action of the State in putting the juvenile parolee under the legal custody of Mr. and Mrs. Palmer in Hartford under the above analysis by Judge Carter.