liYELVERTON, Judge.
This appeal arises from a summary judgment granted in favor of the defendants, The Law Enforcement District of Avoyelles Parish, Louisiana, and William 0. “Bill” Belt, Sheriff of Avoyelles Parish. Tommy Moseley, an inmate at the Avoyelles Bunkie Detention Center, cut his left index finger and left thumb on La table saw located in the hobby shop of the Detention Center. He sued seeking damages based on theories of strict liability and negligence. We affirm.
SUMMARY JUDGMENT
Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and the mover is entitled to judgment as a matter of law. Because the mover has the burden of establishing that no material factual issue exists, inferences to be drawn from the underlying facts contained in the materials before the court must be viewed in the light most favorable to the party opposing the motion. The party who defended against the motion for summary judgment must have his properly filed allegations taken as true and must receive the benefit of the doubt when his assertions conflict with those of the movant. La.Code Civ.P. art. 966; Schroeder v. Board of Sup’rs, 591 So.2d 342 (La.1991). In determining whether all material issues have in fact been disposed of, any reasonable doubt is to be resolved against the granting of summary judgment and in favor of a trial on the merits. Penalber v. Blount, 550 So.2d 577 (La.1989).
Because it is the applicable substantive law that determines materiality, whether or not a particular fact in dispute is material can be determined only in light of the substantive law applicable to the case. Harris *747 v. Stimac, 93-2289 (La.App. 1 Cir. 3/3/95), 653 So.2d 15, writ denied, 95-1318 (La. 9/15/95), 660 So.2d 460.
J~The pleadings and affidavits in the record establish that the hobby shop was established for inmates with trustee status to let them explore their talents. The trustee would make a request to use the hobby shop and express an interest in a particular field, like woodworking or auto mechanics. The trustees could keep any money they made from their hobbies. The Detention Center received none of the profits. Some time before the accident, ten percent of the profits had been used for privileges for the inmates who worked in the hobby shop. This practice had been discontinued by the time of this accident.
Moseley decided to buy a table saw for woodworking. A deputy took him to Sears, and he picked out a table saw and paid for it himself. When Moseley put the table saw together, he purposely left off the anti-kickback device or guard. He used the saw for several months making things.
On March 3, 1994, Moseley was cutting a set of legs for a grandfather clock. He was trying to re-saw some wood when it kicked back and pulled his hand over the blade. This is how he got hurt.
STRICT LIABILITY
Moseley alleged that the defendants were strictly liable for having the care, custody and control of the inmates and were responsible for the safety of all inmates. He also alleged they were strictly liable by virtue of having the care, custody, and control of the table saw which caused his injuries.
To prove a case based on strict liabffity, the plaintiff must show that the thing which caused damages was in the care, custody, and control of the defendant, that the thing had a vice or defect which created an unreasonable risk of harm, andJ~~hat the injuries or damage were caused by the vice or defect. Fontenot v. Fontenot, 93-2479 (La. 4/11/94), 635 So.2d 219.
There is no question of material fact regarding the care, custody, and control of the table saw. Moseley bought the saw with his own money. It was his. He put it together himself. He owned it and was responsible for it. That was part of the plan. The Detention Center provided him a place to keep the saw but exercised no control over it. The trustees were not required to use these tools for any benefit of the Detention Center. The hobby shop and the tools were strictly for the benefit of the trustees. Not having the care, custody, and control of the saw, the defendants were not strictly liable for damage caused by it.
Although the Detention Center had the care, custody, and control of the inmates, Moseley is asking for damages for an injury he negligently inflicted on himself. He was not hurt by another inmate. The Detention Center cannot be held strictly liable for Moseley's actions. There was no allegation or evidence that he was mentally incompetent or irresponsible. Moseley did not have a vice or defect which created an unreasonable risk of harm to himself. Human error under these circumstances is not a vice or defect.
NEGLIGENCE
Additionally, Moseley claimed that the defendants were negligent for failure to provide adequate instruction and supervision with regard to the operation and maintenance of a table saw and woodworking procedures, and for failure to warn of the dangers of operating table saws. He also alleged they were negligent for allowing him to operate the table saw without a safety guard.
J~To establish liabifity based on negligence, a plaintiff must show that the conduct in question was a cause in fact of the resultant harm, that the defendant owed a duty to the plaintiff, that the duty owed was breached, and that the risk or harm caused was within the scope of the breached duty. Fontenot, 635 So.2d 219.
 There is a duty to provide inmates with a reasonably safe place to work and with equipment that is reasonably safe for performing required tasks. Bridgewater v. State Throngh Dept. of Corr., 434 So.2d 383 (La.1983); Perro v. State, 517 So.2d 258 (La.App. 1 Cir.1987), writ denied, 518 So.2d *748 510 (La.1988). However, in this ease working in the hobby shop was a privilege for inmates who had attained trustee status. The trustees were not working for the Detention Center. The hobby shop itself was not alleged to have been unsafe. The table saw belonged to Moseley. It was his responsibility to take care of his tools. The fact that he was incarcerated did not relieve him of ordinary responsibility for his personal property.
We also find that under the circumstances of this case there was no duty on the part of the defendants to provide training with respect to the use of the table saw or in woodworking procedures. Use of the hobby shop was a privilege and not a requirement. The defendants gave the trustee his choice, and he chose what activity he wanted to pursue. He knew that there was no instruction offered in this field. We have not been pointed to any rule that requires a prison to supply an inmate with training in a field that the inmate voluntarily pursues. There was no evidence that prior injuries in the hobby shop suggested the need for such a rule. If there was such a rule, because of the expense of enforcing it the privilege of providing hobby shops would probably have to be abandoned.
IsTherefore, since the basic facts are not in dispute and because we find that the law does not provide a remedy to Moseley under the particular circumstances of this case, we affirm the judgment of the trial court granting defendants’ motion for summary judgment. Costs of this appeal are assessed to the plaintiff.
AFFIRMED.