| í LANDRIEU, Judge.
Defendant, St. Bernard Parish Government, appeals from a trial court judgment *552 rendered in favor of plaintiffs, Winston and Nicoline Gillies, in a personal injury action. Plaintiffs filed suit after Mr. Gillies sustained injuries to his right knee and back when he fell over a chair in an office in the St. Bernard Parish Government Complex. We reverse.
On July 8, 1993, at approximately 2:30 p.m., Winston Gillies, a St. Bernard Parish Sheriff Department deputy assigned to the government complex building, entered the office of Michael Hunnicutt, a Planner II with the St. Bernard Parish Department of Community Development. Hunnicutt’s desk, located at the end of the room, was positioned such that when seated he faced the door. Located on both sides of the desk were tables, chairs, filing cabinets, bookshelves and a credenza. A pathway from the office’s entrance to Mr. Hunnicutt’s desk measured 3 to 4 feet wide.[1]
ROn the right side of the office near the door was a computer desk and chair used primarily by Harold Roselli, another St. Bernard Parish Government employee. Directly to the left of Roselli’s desk was a printing stand that abutted Hunnicutt’s desk.
Upon entering the room, plaintiff approached Hunnicutt’s desk and the two men proceeded to have a 10-minute conversation concerning parish business. During this conversation, plaintiff remained standing. When he turned to leave the office, he stumbled over a chair that was behind him. Attempting to maintain his balance, plaintiff struggled with the chair for a few feet before falling to the floor. It was later determined that the chair plaintiff stumbled over was from Roselli’s desk. At the time of the accident, plaintiff was sixty-five years old. He had a prior left knee injury which required surgery and a history of back problems for which he received medical treatment.
In their petition, plaintiffs alleged that after Mr. Gillies began talking to Hunnicutt, Roselli or some unknown employee pushed the chair behind him. Following the trial, the trial court dismissed plaintiffs’ claims against Roselli and entered judgment in favor of the plaintiffs and against the St. Bernard Parish Government. It awarded Mr. Gillies $272,332, and Mrs. Gillies $10,000. The trial court found plaintiff to be 50 percent at fault in causing the accident, and reduced the plaintiffs’ awards accordingly.
In holding the St. Bernard Parish Government liable, the trial judge concluded that plaintiff satisfied his burden of proof by circumstantial evidence. RHe found there was no other reasonable hypothesis presented to explain the position of the chair directly behind plaintiff but that the chair had been moved by a St. Bernard Parish Government employee or authorized personnel while plaintiff and Hunnicutt were speaking.
On appeal, the St. Bernard Parish Government argues that in view of the evidence presented at trial, the trial judge erred in concluding some unknown parish government employee or authorized personnel negligently placed the chair behind plaintiff, causing him to stumble.
The evidence in the record established that Hunnicutt’s office measured 11 feet 8 inches wide by 17 feet 9 inches long and had only one entrance. The crowded room contained two desks, a credenza, tables, chairs, filing cabinets and bookshelves. Hunnicutt testified that the office was not accessible to the general public and only office employees and authorized persons, such as plaintiff, were allowed to enter. He explained that the room was carpeted and the chair in question was a standard, secretarial-type desk chair on rollers with four legs and a back but no armrests. When placed underneath the desk, the chair’s back and a portion of its legs extended outward from the desk approximately 8 inches. Though Hunnicutt could not recall the exact placement or position of the chair at the time plaintiff entered the office, according to him, plaintiff was aware of the location of both the computer desk and chair, as plaintiffs duties required him visit the office on a daily basis. On the day of the accident, plaintiff walked into the office and stood in front of Hunnicutt’s desk for approx *553 imately ten minutes. 14Hunnicutt testified that he could not recall anyone entering his office during his conversation with plaintiff but acknowledged that if someone had, he would have noticed it.
Roselli testified that the computer log indicated that no one used the computer in Hun-nicutt’s office in the afternoon on the day of the accident. According to him, only employees with his permission were allowed to use the computer and he did not authorize anyone to use it that day.
Plaintiff admitted that he was familiar with the furnishings in Hunnicutt’s office, as he entered it three or four times each day. He, too, acknowledged that if the chair was pushed under the computer desk, its legs protruded 8 to 10 inches away from the desk. Plaintiff was absolutely certain that when he entered Hunnieutt’s office the chair was pushed under the computer desk and no one other than Hunnicutt, who was seated behind his own desk at the time, was in the confined room. He also admitted that during his brief conversation with Hunnicutt he neither heard nor saw anyone enter the office or use the computer. Nonetheless, plaintiff was certain the computer chair was behind him in the narrow pathway when he pivoted right to leave the office. Significantly, in describing his fall, plaintiff explained that he landed with his right knee on the floor and right hand on the chair but was so close to the computer desk that he was able to grab it with his left hand.
Gloria Chatelain, Executive Administrator of the Department of Community Development, testified the she knew plaintiff from working in the office and saw |5him daily. According to her, plaintiff on several occasions complained of back and knee problems for which he received chiropractic treatment. Although she testified that he walked with a permanent limp, plaintiff denied it.
In order to find liability on the part of the St. Bernard Parish Government, plaintiff had to establish that defendant’s employee or agent was negligent in moving the chair away from the computer desk and placing it behind him. Accepting plaintiffs testimony as true, as did the trial court, the evidence in the record established only that the chair was placed under the computer desk when plaintiff entered Hunnicutt’s office and he stumbled over it as he turned to leave. That, of course, depends on where plaintiff was standing when he turned to leave. These facts alone do not suggest any negligence on the part of the defendant. Nor are they so unusual that, absent other evidence, there is an inference of negligence on the part of the defendant.
In view of plaintiffs self-serving, unequivocal testimony that the chair was placed under the computer desk when he entered the office, before the trial court could infer negligence on the part of an agent or employee of the St. Bernard Parish Government, plaintiff had to prove by direct or circumstantial evidence that someone more than likely entered the office during the brief period of time he was present, i.e., he or Hunnicutt heard and/or saw someone enter the office while the two were conversing. Only then could the trial judge infer that an employee or agent moved the chair. Because no evidence was presented at trial that indicated someone entered the office, the trial judge erred, as a matter of law, in inferring | (¡negligence and shifting the burden of proof to the defendant to explain the cause of the accident.
As stated in his reasons for judgment, the trial judge relied on the case of Fontenot v. Fontenot, 93-2479 (La.4/11/94), 635 So.2d 219, wherein the Supreme Court held that a plaintiffs burden of proof may be satisfied by circumstantial evidence if it excludes other reasonable hypotheses with a fair amount of certainty so that it is more probable than not that the harm was caused by the tortious conduct of the defendant. Fontenot, however, is clearly distinguishable from the case at hand.
In Fontenot, Bernadette Fontenot sustained injuries when she slipped on a small piece of firewood left on the carport at the bottom of steps leading out of her in-laws’ house. The Court considered her unrebutted testimony that the piece of firewood was not in her path when she entered the house to pick up her young daughter. Ella Fontenot, Bernadette’s mother-in-law, thereafter went *554 out to retrieve firewood from the stack of wood next to the steps. When Bernadette left the house a short time later, the log was in her path on the carport at the base of the steps. Bernadette, holding her daughter on her hip while descending the steps, stepped on the log and fell. The Court found that plaintiff showed through circumstantial evidential evidence that it was more probable than not that her injuries were caused by the tortious conduct of Ella Fontenot, as there was no other reasonable hypothesis which would have explained the presence of the log at the ^bottom of the steps but that Ella Fontenot dropped or dislodged it from the stack while retrieving the firewood.
Plaintiffs unrebutted testimony in this case established only that the chair was pushed under the computer desk when plaintiff entered Hunnicutt’s office and that he stumbled over it when he pivoted right to leave. Unlike the plaintiff in Fontenot, who offered evidence to explain the presence of the log at the base of the steps, plaintiff here offered no evidence to explain the chair’s location when he turned to leave the office.
Given the confines of Hunnicutt’s office, the close proximity of the furniture, the fact that the chair’s legs protruded 8 to 10 inches from the computer desk when pushed in and plaintiffs testimony that he grabbed the computer desk with his left hand as he stumbled, we find one could reasonably conclude that as plaintiff pivoted to the right and took a step, his foot caught the leg of the chair and he stumbled. In light of this, we find the trial court erred in finding there was no other reasonable hypothesis to explain the position of the chair behind plaintiff but that the chair had been moved while plaintiff and Hunnicutt were speaking. Plaintiff has failed to prove by either direct or circumstantial evidence that the action of an employee or agent of the St. Bernard Parish Government was a cause in fact of his damages.
Accordingly, the judgment of the trial court in favor of plaintiffs holding the St. Bernard Parish Government liable for Mr. Gillies’ injuries is reversed.

REVERSED.

JONES, J„ DISSENTS WITH REASONS.
KLEES, J., DISSENTS FOR THE REASONS ASSIGNED BY JUDGE JONES.
*555 [[Image here]]

. Attached as Appendix I is plaintiff exhibit 4 and defense exhibit 3 which was admitted into evidence. The sketch depicts the layout of the furniture and plaintiff's position in Hunnicutt’s office at the time of the accident.